# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO,<br><br>Petitioners,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>Respondents.<br><br>_____<br><br>OLIN CORPORATION, ET AL.,<br><br>Intervenors. | No. 24-1151<br><br>CONSOLIDATED WITH<br>24-1182, 24-1185, 24-1202 |

**INTERVENOR'S NOTICE OF INTENTION TO FILE A BRIEF**

Intervenor Olin Corp. ("Olin") hereby notifies the Court, in accordance with the Court's Order of July 19, 2024, Doc. 2065577, that Olin intends and wishes to file briefs in support of petitioner American Chemistry Council. Olin respectfully suggests that it should be permitted to file briefs that are the ordinary length for intervenor briefs under Circuit Rule 32(e)(2).

Olin filed a timely motion to intervene that established Olin has standing and an interest in the case that is not adequately represented by any existing party.

1

Respondent ("EPA") did not contest any of those propositions; instead it took "no position." Doc. 2065471 ("EPA Response"), at 1. Accordingly, it would have been error not to allow Olin's intervention. *See Cameron* v. *EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267 (2022) (reversing a circuit court's denial of appellate intervention by a party that had shown a legitimate interest, and lack of prejudice to the other side).

EPA sought to impose on the intervention a condition that Olin must be forced to share the overall word count allotted to the Texas Chemistry Council and American Chemistry Council (the "Council Petitioners"). The Court then effectively imposed that condition, without even giving Olin a chance to reply to EPA's response. But EPA's condition is improper and contrary to this Court's precedents.

The Court has established rules for briefs by intervenors. Those rules allow intervenors, and require that "[i]ntervenors on the same side must join in a single brief to the extent practicable." Circuit Rule 28(d)(4). They distinctly do not require that all *participants* on the same side should join in a single brief, and that would not be sensible. The Council Petitioners had a right to petition, and they should not be deprived of the full opportunity to set forth their arguments simply because there is an intervenor on their side of the case. Olin has a distinct, unrepresented interest, and should not be deprived of the opportunity to set forth its own arguments by

2

somehow compelling the Council Petitioners to yield some of their allotted word count. To be sure, the Court does not want repetitive briefing from one side of the case, but the Court's rules already require that an intervenor's brief "must avoid repetition of facts or legal arguments made in the principal (appellant/petitioner or appellee/respondent) brief, and focus on points not made or adequately elaborated upon in the principal brief." Circuit Rule 28(d)(2). With respect to the raw number of words, the Court's rules explicitly allow intervenor briefs to contain 9,100 or 4,550 words (for a principal or reply brief, respectively). Circuit Rule 32(e)(2). Thus, the existing rules explicitly do not mandate that an intervenor share the word count of the party on whose side it appears. They prescribe the opposite.

EPA's radical proposal that the Court depart from its rules in such a stark way, by requiring Olin to share the word count of the Council Petitioners, should be expected to have a very strong justification. It did not.

First, EPA pointed out that Olin's interests are aligned with the Council Petitioners. EPA Response, at 1. That is the case for nearly every intervenor on any given side of a case. An intervenor presents itself on the side of the petitioner or the respondent and presumably hopes that the relevant side wins. EPA offered no argument or reason to think that Olin is any more aligned with the Council Petitioners than that. Olin's motion explained why the Council Petitioners do not adequately represent its interests. Doc. 2061383 ("Motion"), at 5–6. Broad-based

associations include multiple members who advocate for smaller changes and exceptions that do not protect Olin. Olin cited a specific example, a rulemaking applying the Risk Evaluation framework (the subject of this case) to methylene chloride. Recent events illustrate Olin's point. Two manufacturers with products heavily dependent on methylene chloride have challenged the methylene chloride rule in the Fifth Circuit. *East Fork Enters.* v. *EPA*, No. 24-60227 (5th Cir. May 10, 2024).[1] The American Chemistry Council has intervened in that case *in support of EPA*. *East Fork Enters.* v. *EPA*, No. 24-60227, Doc. 45 (5th Cir. July 26, 2024); Doc. 52 (July 30, 2024) (order allowing intervention). Given that action, it cannot seriously be maintained that the Council Petitioners adequately represent Olin simply because they are trade associations in the chemicals industry. Nor did EPA dispute the point. EPA had the opportunity to contest Olin's motion, and instead of taking any position it simply asserted that Olin is "aligned" in some sense with the Council Petitioners and therefore should have to share their brief.

That the Council Petitioners do not adequately represent Olin is reason enough to allow Olin its own opportunity to speak.

Second, EPA says that Olin could have filed its own petition, and then it would have been required to file a joint brief with the Council Petitioners. EPA Response, at 1–2. That is incorrect. Nothing in the Court's rules mandates that the filers of

---

[1] Olin's counsel in this case also represent the petitioners in the *East Fork* case.

separate cases must join on a single brief, even if the Court ends up consolidating the cases. EPA cites (EPA Response, at 2) the Handbook of Internal Procedures, which has (at p. 38) a note about "Joint or Consolidated Cases," but that note expressly refers to Rule 3(b), a rule allowing consolidation of multiple appeals from a single district-court judgment. The Handbook note is not even applicable to the current situation. The Court routinely sees consolidated cases with separate petitioner briefs. *E.g., Shell Energy N. Am. (US), L.P.* v. *FERC*, No. 22-1116, 2024 WL 3335557 (July 9, 2024).

Third, EPA contends that intervention cannot be "a vehicle to increase the overall number of words allotted to aligned petitioners." EPA Response, at 2. That cannot be a justification for departing from the Court's ordinary rule, because additional words are exactly what the rule prescribes, for an intervenor who is aligned with a petitioner just as for an intervenor who is aligned with a respondent. This Court long ago rejected the notion that petitioner-side intervenors should be disfavored. It "reject[ed] [the] [S]eventh [C]ircuit[']s view that [an] intervenor may not oppose the agency," and decided to "allow[] intervention where an appeal was also possible." *Synovus Fin. Corp.* v. *Bd. of Governors of Fed. Reserve Sys.*, 952 F.2d 426, 433 (D.C. Cir. 1991) (citing *Calif. Pub. Broad. F.* v. *FCC*, 752 F.2d 670, 683 n.10 (D.C. Cir. 1985)). It "permit[s] [a] party seeking modification or reversal of [an] agency decision to participate in [an] appeal as intervenor, rather

than . . . fil[ing] its own appeal." *Id.* (citing *New S. Media Corp.* v. *FCC*, 644 F.2d 37 (D.C. Cir. 1981) (*per curiam*)). EPA's insistence that because Olin could have filed a petition, it cannot be allowed to file intervenor briefs with the word count ordinarily allowed by the Court's rules, is contrary to these precedents.

The Court, regrettably, gave some weight to EPA's demanded condition. The Court's order of July 19 allowed intervention by Olin and by two intervenors in support of EPA. Yet the Court said it would only "automatically provide briefing" for the respondent-side intervenors, while Olin is required to provide this further notice of its intent and the issues it wishes to raise. This respondent-favoring approach is also contrary to the precedents cited above. Olin demonstrated, without dispute from EPA, that the petitioners do not adequately represent its interests. It should be in no lesser position than the respondent-side intervenors, and should be entitled to file briefs as an intervenor in the ordinary course, under the Court's established rules. EPA has presented no cause for departing from those rules.

Nonetheless, in accordance with the Court's order, Olin advises that it intends to present the following issues, as well as others that may develop upon review of other parties' briefs:

- Evaluation of the risks from a given chemical should account for the regulatory regimes already in place controlling exposures to it, such as the Clean Air Act or Clean Water Act. But the Amended Risk Evaluation Rule excludes that consideration from the process, relegating it to a later stage (an outcome with substantial practical and legal consequences). That exclusion is contrary to the governing statute and is arbitrary and capricious.

6

- The Amended Risk Evaluation Rule mandates a single decision for a given substance, which either presents an unreasonable risk or does not, rather than an assessment of whether it presents an unreasonable risk in particular conditions of use. This insistence on a global determination for each substance is contrary to the governing statute and is arbitrary and capricious.

- Ordinarily, workplace exposures to chemicals are reduced and managed by means of personal protective equipment. The Amended Risk Evaluation Rule established an effective presumption that workers do not use such equipment properly. That change from the regulation previously in place is arbitrary and capricious, an abuse of discretion, and not supported by substantial evidence.

- EPA did not properly consider the full record before the agency, failed to respond to significant public comment, and did not base the Amended Risk Evaluation Rule on substantial evidence as required by TSCA.

*/s/ Keith Bradley*
Keith Bradley
Kayla Marie Mendez
717 17th Street, Suite 1825
Denver, CO 80202
Tel: (303) 830-1776
Fax: (303) 894-9239
keith.bradley@squirepb.com
kayla.mendez@squirepb.com

W. Caffey Norman
Allan Kacenjar
2550 M Street, NW
Washington, DC 20037
Tel: (202) 457-5270
Fax: (202) 457-6315
caffey.norman@squirepb.com
allen.kacenjar@squirepb.com

SQUIRE PATTON BOGGS (US) LLP

August 1, 2024

# CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because the body of the motion contains 1,532 words. I further certify that this motion was prepared in 14-point Times New Roman font using Microsoft Word per Fed. R. App. P. 32(a)(5).

<pre>
                                        /s/ Keith Bradley
                                        Keith Bradley
</pre>

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notification to the attorneys of record in this matter, who are registered with the Court's CM/ECF system.

                                                */s/ Keith Bradley*
                                                Keith Bradley