# IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO,<br><br>Petitioners,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>Respondents.<br><br>_____<br><br>OLIN CORPORATION, ET AL.,<br><br>Intervenors. | No. 24-1151<br><br>CONSOLIDATED WITH<br>24-1185, 24-1182, 24-1202, 24-1237 |

**INTERVENOR'S MOTION TO CONTINUE ORAL ARGUMENT**

Olin Corp. ("Olin"), intervenor in support of industry petitioners, respectfully moves the Court to continue the oral argument that has been scheduled in this case. The grounds for this request are as follows:

1. This case represents the consolidation of four petitions challenging a rule issued by respondent EPA. Olin timely moved to intervene in support of two of the petitions. Olin showed, in its motion to intervene, that it has a legal interest

1

in this case, and that interest is not adequately protected by any of the existing parties.

2. After no party opposed Olin's intervention, the Court allowed that intervention. The Court permitted Olin to file a separate brief, and to file a separate reply brief (due on February 3, 2025).

3. Briefing has not yet closed in this case. Currently, the deferred joint appendix and the final versions of the briefs are due on February 14. The parties are planning to ask the Court to delay the latter deadline to February 21, so that the parties can prepare their final briefs after having the appendix in hand.

4. On January 23, 2025, the Court issued a calendar notice scheduling argument for March 21, 2025.

5. Olin intends to request time to participate in the oral argument. Petitioners are amenable to that request.

6. But the date of the argument presents a conflict. Counsel for Olin will be appearing at the Supreme Court for oral argument just three or four days later, in *Riley v. Garland*, No. 23-1270. (That argument has not formally been scheduled but Supreme Court officials have notified the parties that the argument will be on March 23 through 25.) This case presents challenging, complex, and novel issues of law that are vitally important to all the parties and to Olin. The *Riley* case is equally complex, and crucial to that petitioner as well as to countless noncitizens in

circumstances comparable to his. Preparing for both arguments, to take place within days of each other, risks compromising the quality of argument for each.

7. Rescheduling of the argument will not harm any party. No party has requested a stay of the rule at issue. The rule presents EPA's framework for how to conduct risk evaluations under the Toxic Substances Control Act. For one of the core questions presented to the Court EPA has taken the position (in another case before the Fifth Circuit) that its previous framework rule already allowed it the discretion to conduct evaluations in the manner that the Framework Rule mandates.

8. Olin observes that in many cases, EPA has requested stays and extensions so that the new Administration can review EPA's policies under TSCA. For example, *United Steel Paper and Forestry Rubber Manufacturing Energy Allied Industrial and Service Workers International Union AFL CIO v. EPA,* 3d Cir. No. 25-1055, involves challenges to a rule restricting trichlorethylene. The underlying risk evaluation was one of the first carried out under the framework that is contested in this case. EPA moved the Third Circuit to stay all upcoming deadlines for 60 days while the Administration considers whether to revise the trichloroethylene rule.

9. The various Industry Petitioners have consented to this request to reschedule the oral argument. EPA takes no position, and notes that it might file a

response to this motion. The Labor Petitioners oppose this request. The Sierra Club and the Alaska Community Action on Toxics have not provided their positions.

10. For these reasons, Olin respectfully asks the Court to reschedule the oral argument by at least two weeks.

*/s/ Keith Bradley*
Keith Bradley
Kayla Marie Mendez
Squire Patton Boggs (US) LLP
717 17th Street, Suite 1825
Denver, CO 80202
Tel: (303) 830-1776
Fax: (303) 894-9239
keith.bradley@squirepb.com
kayla.mendez@squirepb.com

W. Caffey Norman
Norman Law & Policy PLLC
2550 M Street NW
Washington, DC 20037
Tel: (202) 457-5270
caffey.norman@outlook.com

Allan Kacenjar
Squire Patton Boggs (US) LLP
2550 M Street, NW
Washington, DC 20037
Tel: (202) 457-5270
Fax: (202) 457-6315
allen.kacenjar@squirepb.com

January 29, 2025

# CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because the body of the motion contains 588 words. I further certify that this motion was prepared in 14-point Times New Roman font using Microsoft Word per Fed. R. App. P. 32(a)(5).

*/s/ Keith Bradley*
Keith Bradley

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notification to the attorneys of record in this matter, who are registered with the Court's CM/ECF system.

*/s/ Keith Bradley*
Keith Bradley
