Oral Argument Scheduled for March 21, 2025

**NO. 24-1151 and consolidated cases**

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO,**

*Petitioner*,

v.

**U.S. ENVIRONMENTAL PROTECTION AGENCY,**

*Respondent*.

**LABOR PETITIONERS' OPPOSITION TO MOTION TO RESCHEDULE ORAL ARGUMENT**

Petitioners United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO ("USW"), International Association of Machinists and Aerospace Workers, AFL-CIO ("IAM"), and Worksafe (collectively, "Labor Petitioners") **strongly** object to the motion filed by Olin Corporation, an intervenor in these proceedings, to reschedule oral argument in the above captioned cases, for four reasons.

First, based on this Court's scheduling order, both attorneys representing Labor Petitioners have scheduled non-refundable vacations beginning on March 24 and

continuing through April 11, 2025. Rescheduling the argument has the potential to conflict with and interrupt these plans.

Second, contrary to the Olin's claim, rescheduling the argument date will jeopardize progress on pending risk evaluations. The petitions at issue here question whether EPA's rule, "Procedures for Chemical Risk Evaluation Under the Toxic Substances Control Act (TSCA)," 89 Fed. Reg. 37028 (May 3, 2024) ("Revised Framework Rule"), is valid. This rule governs the policies EPA relies upon when completing risk evaluations of toxic chemicals. TSCA requires that EPA complete these evaluations with opportunities for public comment and all on tight time frames. 15 U.S.C. § 2605(b)(4)(G) (setting deadlines for risk evaluation). EPA currently has twenty chemicals undergoing risk evaluation and another five prioritized to enter the process. *See Ongoing and Completed Chemical Risk Evaluations under TSCA | US EPA*. Any delay in resolving these petitions will likely result in delay in completing these ongoing risk evaluations because the policies governing risk evaluation will remain in limbo.

Third, Olin is an intervenor in the case. Pursuant to Local Rule 34(d), absent an order from this Court, Olin will only be permitted to argue to the extent the Industry Petitioners are willing to share their allotted time. Olin states that "Petitioners" are amenable to its intent to request time to participate in the argument. The Labor Petitioners are *not* amenable to such a request, if Olin's intent is to ask the Court for time in addition to that allocated to the Industry Petitioners. Since the extent

to which Olin may participate in the oral argument is uncertain, it would be premature to postpone the oral argument to accommodate its counsel's schedule.

Finally, the Court should ignore Olin's speculation about whether some future action by the new Administration will change the posture of this case. Olin does not speak for EPA; the Department of Justice does.

>
> Respectfully submitted,
>
> /s/Randy S. Rabinowitz
> Randy S. Rabinowitz, Esq.
> Victoria L. Bor, Esq.
> Occupational Safety & Health Law Project, LLC
> P.O. Box 3769
> Washington, D.C. 20027
> 202/256-4080

Dated:      February 3, 2025

# **CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because this opposition uses a monospaced typeface and contains 627 words.

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in 14-point typeface using Time New Roman font.

Dated:   February 3, 2025
         Washington, D.C.

                                        _/s/ *Randy S. Rabinowitz*_
                                        *Attorney for Labor Petitioners*

# **CERTIFICATE OF SERVICE**

I hereby certify that I e-filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the D.C. Circuit by using the appellate CM/ECF system on January 31, 2025.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Dated:   January 31, 2025
         Washington, D.C.

                                      _s/ *Randy S. Rabinowitz*
                                      *Attorney for Labor Petitioners*

USCA Case #24-1151    Document #2098198    Filed: 02/03/2025    Page 6 of 6