ORAL ARGUMENT SCHEDULED FOR MARCH 21, 2025

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO , <br><br> *Petitioner*, <br><br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY, <br><br> *Respondent*. | Lead Case No. 24-1151 <br><br> Consolidated with Case Nos. 24-1182, 24-1185, 24-1202, 24-1237 |

**MOTION TO POSTPONE ORAL ARGUMENT
AND HOLD MATTER IN ABEYANCE**

Respondent United States Environmental Protection Agency ("EPA") respectfully moves the Court to postpone the oral argument currently scheduled for March 21, 2025, and to hold the instant matter in abeyance for ninety days to provide an opportunity for new EPA leadership to review the underlying rule. Counsel for EPA has conferred with counsel for all other parties and is informed that Industry Petitioners and Intervenor Petitioner do not oppose placing this case in abeyance with motions to govern due in ninety days. Labor Petitioners and

1

Respondent-Intervenors both oppose this motion, and both intend to file an opposition. In support of this motion, EPA states:

1. The consolidated petitions for review challenge an EPA final rule titled, "Procedures for Chemical Risk Evaluation Under the Toxic Substances Control Act (TSCA), 89 Fed. Reg. 37029 (May 3, 2024) ("the 2024 Rule"). Oral argument is set for March 21, 2025.

2. The 2024 Rule sets forth the procedural framework for EPA to conduct risk evaluations under section 6 of the Toxic Substances Control Act ("TSCA"). The 2024 Rule is being challenged by chemical manufacturers, transporters and distributors, scientific organizations, and labor workers routinely exposed to toxic chemicals. Two non-governmental, non-profit advocacy organizations have intervened in support of the 2024 Rule.

3. As the Court is aware, a new Administration took office on January 20, 2025. That day, the President issued a number of Executive Orders calling for careful review of agency actions taken in the previous four years. In conformance with those Orders, EPA needs time to brief new administration officials with decision-making responsibility about this case and the underlying rule, to allow them to decide what action, if any, is necessary.

4. To allow EPA to undertake that review in an orderly and deliberate fashion, EPA requests that the Court postpone the March 21 oral argument date

and abate proceedings in these petitions for review for a period of ninety days. The abeyance would include a stay of the deadlines to file the deferred joint appendix, and the parties' final form briefs, both of which are currently February 14.

5. This Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 US. 248, 254 (1936); *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013).

6. Requests to continue proceedings to allow time for new administration officials to become familiar with cases under their authority are customary. *See, e.g.*, *Ethyl Corp. v. Browner*, 989 F.2d 522, 524 (D.C. Cir. 1993) (noting that courts "commonly grant" motions that "allow agencies to cure their own mistakes rather than wasting the courts' and the parties' resources"); *Brady Campaign to Prevent Gun Violence v. Salazar*, 612 F. Supp. 2d 1, 10 (D.D.C. 2009) (noting that an extension of a preliminary injunction briefing schedule was granted after a change in administration).

7. Abeyance is warranted here because courts have long recognized that agencies may generally review and revise, if appropriate, their past decisions. *See, e.g.*, *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29, 42 (1983) ("[R]egulatory agencies do not establish rules of conduct to last forever [and] an agency must be given able latitude to adapt their rules and policies to . . .

3

changing circumstances."); *Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1038, 1043 (D.C. Cir. 2012) (explaining that an agency's "reevaluation of which policy would be better in light of the facts" is "well within" its discretion and that a change in administration is a "perfectly reasonable basis for an executive agency's reappraisal of the costs and benefits of its programs and regulations" (internal quotation marks omitted)).

8. Courts routinely grant stays or abeyances in circumstances like those presented here: when a new Administration acting to implement Executive Orders issued by a new President seeks to review and consider its position with regard to a promulgated regulation that is being challenged. *See, e.g.*, Order, (Doc. Nos. 1883880, 1882301),[1] *Am. Fuel & Petrochem. v. EPA*, No. 19-1124 (D.C. Cir. Feb. 5, 2021) (rescheduling oral argument at EPA's request to accommodate change of administration); Order (Doc. Nos. 1675813, 1670157), *Am. Petroleum Inst. v. EPA*, No. 13-1108 (D.C. Cir. May 18, 2017) (abeyance of challenge to EPA's authority to regulate methane from oil and gas operations); Order (Doc. Nos. 1673071, 1668274), *West Virginia v. EPA*, No. 15-1363 (D.C. Cir. Apr. 28, 2017) (abeyance of challenges to Clean Power Plan rule).

---

[1] In this and the following citations, the first Document No. refers to the Court's Order and the second Document No. refers to EPA's motion for a stay or abeyance.

9. The imminence of oral argument does not interfere with the granting of such stays or abeyance. *See, e.g.*, Order (Doc. Nos. 1672987, 1671687), *Murray Energy Corp. v. EPA*, No. 16-1127 (D.C. Cir. Apr. 27, 2017) (abeyance of challenge to Mercury Air Toxics Standards under the Clean Air Act); Order (Doc. Nos. 1672985), *ARIPPA v. EPA*, No. 15-1180 (D.C. Cir. Apr. 27, 2017) (same); Order (Doc. Nos. 1672430, 1671681), *Walter Coke Inc. v. EPA*, No. 15-1166 (D.C. Cir. Apr. 24, 2017) (abeyance of consolidated challenges to requirement that thirty-six states amend State Implementation Plans relating to events at power plants and facilities).

10. Both postponement of oral argument and an abeyance would preserve resources both for the parties and the Court. It is possible that after its review, EPA could take further action that may obviate the need for judicial resolution of some or all of the disputed issues. The potential for further agency action that could narrow or resolve a pending dispute constitutes good cause for the requested abeyance. *See Anchor Line Ltd. v. Fed. Maritime Comm'n*, 299 F.2d 124, 125 (D.C. Cir. 1962) ("[W]hen an agency seeks to reconsider its action, it should move the court to remand or to hold the case in abeyance pending reconsideration by the agency."); *cf. Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 71–71 (D.C. Cir. 2022) (courts "routinely stay [their] hand when parties identify developments that are likely to render judicial resolution unnecessary").

11. Placing this case in abeyance, including these upcoming deadlines, for ninety days will allow EPA's new leadership to focus on reviewing the underlying agency actions.

12. The parties will submit a joint motion or separate motions to govern future proceedings within ninety days after an order granting this motion.

13. Undersigned counsel conferred with counsel for each party. Industry Petitioners and Intervenor Petitioner do not oppose placing this case in abeyance with motions to govern due in ninety days. Labor Petitioners and Respondent-Intervenors both oppose this motion, and both intend to file an opposition.

Respectfully submitted,

LISA LYNNE RUSSELL
*Deputy Assistant Attorney General*

*Of Counsel:*
DAN DEPASQUALE
ALLISON PAYNE
Office of the General Counsel
U.S. Environmental Protection Agency
Washington, D.C.

 s/ Daniel R. Dertke
DANIEL R. DERTKE
RACHEL MARTINEZ
Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 514-0994 (Dertke)
(202) 616-5589 (Martinez)
Daniel.Dertke@usdoj.gov
Rachel.Martinez@usdoj.gov

February 5, 2025

6

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Federal Rules of Appellate Procedure 27(d)(2)(A) and 32(g)(1) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 1122 words.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated: February 5, 2025                  *s/ Daniel R. Dertke*
                                         DANIEL R. DERTKE
                                         Attorney for Respondents