# NO. 24-1151 and Consolidated Cases

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO,**

*Petitioner*,

v.

**U.S. ENVIRONMENTAL PROTECTION AGENCY,**

*Respondent*.

---

## LABOR PETITIONERS' OPPOSITION TO EPA's MOTION TO POSTPONE ORAL ARGUMENT

Petitioners United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO ("USW"), International Association of Machinists and Aerospace Workers, AFL-CIO, and Worksafe (collectively, "Labor Petitioners") *strongly* oppose the Motion To Postpose Oral Argument and Hold Proceedings In Abeyance filed by the Environmental Protection Agency ("EPA") (Dkt. No. 2098875) for the reasons outlined below.

# BACKGROUND

These petitions challenge EPA's "Procedures for Chemical Risk Evaluation Under the Toxic Substances Control Act (TSCA)," 89 Fed. Reg. 37028 (May 3, 2024) ("Revised Framework Rule"). TSCA charges EPA with conducting risk evaluations to determine whether a toxic substance presents an "unreasonable risk of injury to health or the environment," and if so, to develop risk management rules to eliminate that risk. 15 U.S.C. § 2605(a). The statute expressly required EPA to "establish, by rule, a process to conduct [its] risk evaluations" within one year after Congress adopted the Frank R. Lautenberg Chemical Safety for the 21st Century Act, Pub. L. No. 114-182, 130 Stat. 448, in 2016. 15 U.S.C. § 2605(b)(4)(B).

EPA initially complied with this mandate by publishing rules to establish a framework for conducting its risk evaluations in 2017, under the first Trump Administration. *See* EPA, "Procedures for Chemical Risk Evaluation Under the Amended Toxic Substances Control Act," 82 Fed. Reg. 33726 (July 20, 2017) ("2017 Framework Rule"). The Ninth Circuit reviewed those rules in *Safer Chemicals, Healthy Families v. EPA,* 943 F.3d 397 (9th Cir. 2019) (upholding the rules in part, vacating the rules in part, and declining to address other issues as not ripe). USW, the Alaska Community Action on Toxics, the American Chemistry Council (ACC) and the Chamber of Commerce – all parties to the instant consolidated cases -- all participated in the *Safer Chemicals* litigation. In that case, the parties fully briefed

many of the same issues they are raising here. The Ninth Circuit declined to rule on the merits of these claims, holding that they were not ripe for review because EPA's rules were ambiguous and might not be applied as Petitioners feared. 943 F.3d at 415-16.

EPA then applied some of the contested provisions in conducting its initial risk evaluations. Of particular concern to the Labor Petitioners, EPA adopted and applied a policy of assuming employees were using personal protective equipment ("PPE"), particularly respirators, when the Agency assessed occupational exposures. USW and other environmental groups filed opening briefs in one case, *Neighbors for Environmental Justice v. EPA,* No. 20-72091 (9th Cir.), and the United Auto Workers and the Alaska Community Action on Toxics were poised to file opening briefs in another case, *Alaska Community Action on Toxics v. EPA,* No. 20-73099 (9th Cir.), challenging EPA's application of the 2017 Framework Rule and its PPE policy in specific risk evaluations when EPA agreed to reconsider its approach.

EPA then adopted a new interpretation of TSCA, including a new approach to how it would consider PPE use in conducting risk evaluations, and applied these new statutory interpretations in revising several risk evaluations. *See* 87 Fed. Reg. 67901 (Nov. 10, 2022) (Revised Risk Determination for Methylene Chloride); 87 Fed. Reg. 38747 (June 29, 2022) (Revised Risk Determination for HBCD). The Revised Framework Rule now before the Court codifies the statutory interpretations of TSCA

3

EPA has relied upon in revising its earlier risk determinations and in finalizing risk determinations for other chemicals.

EPA currently has twenty chemicals undergoing risk evaluation and another five prioritized to enter the process. *See* EPA, "Ongoing and Completed Chemical Risk Evaluations under TSCA," (last accessed Feb. 10, 2025), https://www.epa.gov/assessing-and-managing-chemicals-under-tsca/ongoing-and-completed-chemical-risk-evaluations-under. TSCA requires EPA to complete these evaluations, with opportunities for public comment and all on tight time frames. 15 U.S.C. § 2605(b)(4)(G) (setting deadlines for risk evaluation); *id.* § 2618 (making the deadline judicially enforceable). EPA is behind schedule in completing the mandated number of risk evaluations, and it recently entered into two consent orders setting strict deadlines for completing many risk evaluations, including a consent order with the American Chemistry Council – a petitioner in this case. *Community In-Power and Development Association v. EPA,* No. 1:23-cv-02715-DLF (D.D.C.) Dkt. Nos. 39-40.

The procedures codified in the Revised Framework Rule have been in effect since May 2024 and govern EPA's ongoing risk evaluations.

# ARGUMENT

## I. Legal Standard.

"When a case has been set for oral argument, it may not be continued by stipulation of the parties, but only by order of the court upon a motion evidencing extraordinary cause for a continuance." D.C. Cir. R. 34(g). "The Court disfavors motions to postpone oral argument and will grant them only upon a showing of 'extraordinary cause.'" D.C. Cir. Handbook of Practice and Internal Procedures at 49, § XI(B) (Jan. 26, 2017). EPA filed its motion two days after Petitioners filed their reply briefs, the last substantive filings in these consolidated cases. EPA is asking the Court to hold all action in this case in abeyance and to postpone the date for oral argument, despite having objected to a similar request Olin made just days before. The motion fails to demonstrate the "extraordinary cause" this Court's rules require. For that reason, the motion should be denied.

## II. This Court Should Decide The Legal Issues Raised by the Petitions

The Revised Framework Rule at issue here sets the ground rules for how EPA conducts its science-based risk evaluations. All parties—and the general public—would benefit from a merits decision interpreting the relevant provisions of TSCA.

The issues raised by the Petitioners before this Court are purely legal: Industry Petitioners argue that two policies EPA codified in the Revised Framework Rule are inconsistent with TSCA; Labor Petitioners argue that EPA's policy requiring it to

5

take PPE into account when assessing risk violates TSCA.

The relevant statutory provisions, adopted in the 2016 TSCA amendments, are almost a decade old and have not yet been authoritatively construed by any court. Many parties to this case have fully briefed the statutory issues at least twice. EPA's interpretations have changed with each succeeding administration, and its recent motion suggests they may change again.

"In determining whether an agency's interpretation of its governing statute is contrary to law" under the Administrative Procedure Act, this Court "must exercise its "independent judgment" and "apply[] all relevant interpretive tools" to reach "the best reading of the statute." *Environmental Defense Fund v. EPA,* 124 F.4th 1, 11 (D.C. Cir. 2024) (quoting *Loper Bright Enters. v. Raimondo*, 144 S. Ct. 2244, 2262, 2266 (2024)). Even if "an action is not contrary to law, it must be 'reasonable and reasonably explained.'" *Id.* (citing *FCC v. Prometheus Radio Project*, 592 U.S. 414, 423 (2021)); *see also Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 51–52 (1983); *Midwest Ozone Grp. v. EPA*, 61 F.4th 187, 192 (D.C. Cir. 2023).

Following the Supreme Court's decision in *Loper Bright*, it is the responsibility of *this Court* to determine what TSCA requires when EPA conducts a risk evaluation. EPA has adopted shifting interpretations of TSCA in completing risk evaluations and in its varying framework rules. There is no good reason to hold these cases in

abeyance while waiting to see whether EPA will adopt yet another interpretation of TSCA. Its ever-changing interpretations are not entitled to deference.

The issues are fully briefed. Oral argument has been scheduled. Resolution of the issues pending before the Court now will provide needed guidance to EPA and all stakeholders as EPA moves forward with its ongoing risk evaluations for more than 20 chemicals. In sum, EPA has not shown "extraordinary circumstances" to further delay these proceedings.

Furthermore, delay will injure Labor Petitioners. EPA is statutorily and judicially bound to deadlines for completing many ongoing risk evaluations. EPA must apply the current procedures – in effect now for almost a full year – when doing so. If those procedures are ultimately ruled to be inconsistent with TSCA, EPA will be forced to redo the risk evaluations it is currently working on, and any it subsequently undertakes, causing delays in the risk evaluation process. This is exactly what Congress sought to avoid by establishing strict, judicially enforceable deadlines for risk evaluation and risk management with the 2016 amendments. Moreover, reviewing and commenting on EPA's several hundred-page risk evaluations is a resource intensive effort for all parties. And because parties cannot bring challenges to risk evaluations until EPA issues its risk management rules, redoing a risk evaluation also potentially means redoing the notice and comment rulemaking that yielded the associated risk management rule. Having to do all of this

again and again for the same chemical as EPA shifts its position increases the burden exponentially, while leaving workers and members of the public exposed to the unreasonable risks posed by toxic substances

The arrival of a new Presidential Administration and its suggestion that it will evaluate the Revised Framework Rule and potentially revise it does not provide a reasonable basis for holding this case in abeyance for 120 days (or even longer). There is nothing extraordinary about one Administration having to defend a rule issued by the prior Administration. To the contrary, it is routine. *See, e.g.*, *Coal. of Battery Recyclers Ass'n v. EPA*, 604 F.3d 613 (D.C. Cir. 2010) (upholding, during the Obama Administration, standards set under the Bush Administration); *Cement Kiln Recycling Coal. v. EPA*, 255 F.3d 855 (D.C. Cir. 2001) (resolving, under the Bush Administration, the legality of rules issued by the Clinton Administration). This is simply how the rule of law works.

Nor would proceeding with this case now hamper EPA's ability to reconsider the Revised Framework Rule. EPA refers to new executive orders that purportedly require review of existing rules but cites no specific EO that governs, and the recent Executive Memorandum suspending regulations applies only to those not yet in effect. *See* "Regulatory Freeze Pending Review," 90 Fed. Reg. 8249 (Jan. 28, 2025). EPA is free to reconsider any rule, including the Revised Framework Rule, at any time and, after engaging in notice and comment rulemaking, to reach a different

policy decision, provided the new rule does not conflict with the statute and that EPA acknowledges and adequately supports any departures from its prior decision. *See, e.g.*, *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 514–15 (2009); *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 982–83 (2005). A merits decision would provide much needed resolution of disputed legal issues that will need to be addressed even after any reconsideration of the Rule that EPA may undertake.

## CONCLUSION

For the foregoing reasons, this Court should deny EPA's Motion to Postpone Argument and Hold This Matter in Abeyance. Labor Petitioners urge this Court to hear argument in this matter as scheduled on March 21, 2025, and to reach a decision on the merits of the statutory issues raised by the pending petitions.[1]

                                 Respectfully submitted,

                                 /s/Randy S. Rabinowitz
                                 Randy S. Rabinowitz, Esq.
                                 Victoria L. Bor, Esq.
                                 Occupational Safety & Health Law Project, LLC
                                 P.O. Box 3769
                                 Washington, D.C. 20027
                                 202/256-4080

---

[1] Should the Court nonetheless be inclined to pause these cases for any period of time, the Labor Petitioners urge the Court to hold oral argument before its summer recess, to avoid a delay that extends well beyond the time EPA has requested.

# CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because this opposition uses a monospaced typeface and contains 1843 words.

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in 14-point typeface using Time New Roman font.

Dated:   February 11, 2025
         Washington, D.C.

/s/ *Randy S. Rabinowitz*
*Attorney for Labor Petitioners*

# CERTIFICATE OF SERVICE

I hereby certify that I e-filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the D.C. Circuit by using the appellate CM/ECF system on February 11, 2025.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Dated:    February 11, 2025
             Washington, D.C.

                                               /s/ *Randy S. Rabinowitz*
                                               *Attorney for Labor Petitioners*