ORAL ARGUMENT SCHEDULED FOR MARCH 21, 2025
IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, *Petitioner*, <br><br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY, *Respondent*. | Lead Case No. 24-1151 <br><br> Consolidated with Case Nos. 24-1182, 24-1185, 24-1202, 24-1237 |

**INTERVENOR-RESPONDENTS' OPPOSITION
TO EPA'S MOTION TO POSTPONE ORAL ARGUMENT
AND HOLD MATTER IN ABEYANCE**

Respondent ("EPA") seeks to significantly delay this case, based on the possibility that EPA may elect to take some new final action to revise the challenged rule to better reflect the policy views of EPA's new leadership. The motion should be denied because EPA does not argue, let alone demonstrate, "extraordinary cause" exists to justify postponing a scheduled oral argument; nor does EPA demonstrate that an abeyance is warranted.

Nor could it. After the Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), resolution of the statutory

1

interpretation questions raised by these petitions is a question for this Court, not the agency. The possibility that EPA's new leadership may desire to take further action to revise the rule is a reason to deny the motion and move this case forward, not a reason to postpone argument and put the case in abeyance. The interpretive questions raised here have been unresolved since was TSCA was amended in 2016, and the Court, not EPA, needs to say what the law is.

Allowing EPA to take some new action will not conserve any resources, it will just delay resolution of fully briefed questions of statutory interpretation. If EPA revises the rule, the same parties will almost certainly be back before the courts raising the same statutory issues, while the resources already put into this case would have been wasted. Meanwhile, the dozens of ongoing risk evaluations will continue in legal limbo.

## BACKGROUND

The Toxic Substances Control Act ("TSCA") requires EPA to "establish, by rule, a process to conduct risk evaluations." 15 U.S.C. § 2605(b)(4)(B). EPA first promulgated the required risk evaluation rule in 2017. 82 Fed. Reg. 33726 (July 20, 2017). That rule was subsequently challenged as contrary to the statute on several grounds, including by Alaska Community Action on Toxics and Sierra Club (the Intervenor-Respondents in this case). *Safer Chemicals Healthy Families v. EPA*, 943 F.3d 397 (9th Cir. 2019). The petitioners there raised the statutory

questions of whether EPA is: (1) required to evaluate all conditions of use; and (2) prohibited from making use-by-use risk determinations. *Id.* at 409-16, 416-20. The court held those challenges to be non-justiciable. *Id.* at 413-16 (claims unripe), 416-17 (no final agency action).

Following the *Safer Chemicals* decision, EPA completed the rulemaking that is the subject of this case. 89 Fed. Reg. 37028 (May 3, 2024) ("Rule"). EPA revised the risk evaluation rule, based on EPA's interpretation that TSCA requires EPA to evaluate all conditions of use and requires EPA to complete a single-risk determination for each chemical substance, rather than use-by-use risk determinations. *Id.* at 37031, 37035.

Subsequently, a number of entities representing the chemical industry filed petitions for reviews challenging these aspects of the Rule. Intervenor-Respondents intervened to defend the Rule from industry challenges.

On January 23, 2025, the Court scheduled oral argument for March 21, 2025. Doc. 2095902. All briefs were submitted in this case by February 3, 2025.

On February 5, EPA filed its motion, which seeks to hold the case in abeyance for 90 days, including postponing oral argument, to be followed by motions to govern. *See* Mot. ¶¶ 11-12, Doc. 2098875. Because the Court's term typically ends in May, the effect of the motion would be to postpone oral argument until at least September 2025.

3

## LEGAL STANDARD

"When a case has been set for oral argument, it may not be continued by stipulation of the parties, but only by order of the court upon a motion evidencing <u>extraordinary cause</u> for a continuance." D.C. Cir. R. 34(g) (emphasis added). "The Court disfavors motions to postpone oral argument and will grant them only upon a showing of 'extraordinary cause.'" D.C. Cir. Handbook of Practice and Internal Procedures at 49 (Dec. 12, 2024) ("Handbook").

## ARGUMENT

I. **The Potential of Future Administrative Action by EPA is Reason to Deny the Motion and Proceed to Argument, Not to Grant it.**

Not only does EPA fail to demonstrate extraordinary cause to delay oral argument, EPA's arguments actually establish that delay—including by an abeyance—would be improper. EPA seeks to delay resolution of this case to allow new agency decisionmakers to decide whether to take some new action, Mot. ¶ 3, potentially including a "revis[ion]" of the challenged Rule in order to reflect the new decisionmakers' views of what "policy would be better." *Id.* ¶ 7 (cleaned up).

After *Loper Bright*, delaying judicial resolution of questions of statutory interpretation to enable the agency to make a policy change serves no valid purpose. It is the Court's role to resolve the questions of statutory interpretation

4

presented here. Thus, the potential that new leadership might take some new action to change policy is reason to deny the EPA's requested delay, not cause to grant it.

1. The principal issues in this case involve questions of statutory interpretation, and "[i]t is emphatically the province and duty of the judicial department to say what the law is." *Loper Bright*, 603 U.S. at 385 (quoting *Marbury v. Madison*, 1 Cranch 137, 177, 2 L.Ed. 60 (1803)). And the Court's obligation to decide the case before it is "virtually unflagging." *Mata v. Lynch*, 576 U.S. 143, 150 (2015) (cleaned up); *Am. Bankers Ass'n v. Nat'l Credit Union Admin.*, 934 F.3d 649, 662 (D.C. Cir. 2019) (cleaned up).

Here, the industry petitions raise core questions of statutory interpretation, including:

- Does TSCA require EPA to evaluate all of the conditions of use of a chemical in a risk evaluation or does it allow EPA to exclude conditions of use? *Compare* Industry Br. at 6, 16, Doc. 2079425, *with* EPA Br. at 5, 22-23, Doc. 2090964.

- Does TSCA require EPA to make a single risk determination for each chemical or does it require EPA to make risk determinations use-by-use? *Compare* Industry Br. at 6-7, 27, *with* EPA Br. at 5, 42.

It is the Court's role to determine the "single, best meaning of a statute" – "the reading the court would have reached if no agency were involved." *Loper*

*Bright*, 603 U.S. at 400 (cleaned up). Every party agrees this is the standard that controls the resolution of the issues presented in the industry petitions. Industry Br. at 16 (citing *Loper Bright*), 17-19 (arguing that rule is contrary to plain meaning), 33 (discussing the "best reading" of TSCA); Intervenor-Petitioner Br. at 7 (citing *Loper* Bright), Doc. 2080540; EPA Br. at 18 (citing *Loper Bright*), at 19, 22, 24, 40 (discussing the "best reading" of TSCA); Intervenor-Respondents Br. at 16-17 (citing *Loper Bright*), at 12-14, 17, 33 (discussing the "best reading" of TSCA), Doc. 2094966.

EPA's motion simply ignores the sea-change effected by *Loper Bright*. Relying on cases that pre-date *Loper Bright*, EPA incorrectly suggests that it should be allowed to decide which "policy would be better" and that such a choice is "within [the agency's] discretion." Mot. ¶ 7 (cleaned up). Similarly, it contends that regulations "do not establish rules of conduct to last forever," and the agency should be allowed to "revise" the regulations. *Id.*

Not so. The questions of statutory interpretations presented by the petitions for review are legal questions for this Court, not policy choices left to EPA.

2. Deferring resolution of the questions of statutory interpretation in order to allow EPA to complete a new action will not "obviate need for judicial resolution of some or all of the disputed issues" as EPA claims. *Contra* Mot. ¶ 10. Instead, it will simply delay the resolution of the important statutory interpretation

6

questions raised and "wast[e] the court's and the parties' resources" that have already been expended here. *Id.* ¶ 6 (cleaned up).

The statutory questions raised in the petitions for review have been present since TSCA was amended in 2016 and will continue to be raised until the courts "say what the law is." *Loper Bright*, 603 U.S. at 385. The first version of the risk evaluation rule finalized in 2017 also implicated the questions of whether TSCA requires EPA to (1) evaluate all conditions of use and (2) make risk determinations for the chemical substance or on individual conditions of use. *Safer Chemicals,* 943 F.3d at 409-16, 416-20. Environmental groups, including the Intervenor-Respondents here, filed petitions for review challenging the 2017 rule and raised the very same questions of statutory interpretation raised in this case. *See id.* There, many of the Industry Petitioners and amici who have appeared in this case participated in the *Safer Chemicals* litigation in support of EPA. *Id.* at 404 (American Chemistry Council and Chamber of Commerce).

Ultimately, the Court concluded those challenges were not justiciable. *Id.* at 413-16, 416-17. Predictably, those unresolved questions have now resurfaced in this case.

If the questions of statutory interpretation are not resolved here, whatever future action EPA takes will assuredly result in new petitions for review that raise those same issues. That future case will likely involve many of the same parties

who appeared in *Safer Chemicals* and have reappeared here because these parties have diametrically opposed views of what TSCA requires.

Thus, EPA's proposed course of action will not result in resource savings to the parties or the courts. The considerable resources already put into this case will simply be wasted, and the parties and the courts will be forced to expend further resources on litigating the same issues at the end of EPA's new administrative process. EPA's proposed course of action creates the very problem it purports to solve.

3.      Delaying resolution of the statutory interpretation questions presented here threatens to undermine ongoing risk evaluations for over twenty chemicals.[1] The statutory questions raised here—whether EPA is required to evaluate all conditions of use and to make a single risk determination—are implicated in each of the ongoing risk evaluations. Failure to resolve those interpretive questions now threatens EPA's ability to timely complete lawful risk evaluations and to timely issue lawful risk management rules, particularly if EPA's new leadership adopts revised rules reflecting unlawful interpretations of TSCA.

---

[1] EPA, Ongoing and Completed Chemical Risk Evaluations under TSCA, https://www.epa.gov/assessing-and-managing-chemicals-under-tsca/ongoing-and-completed-chemical-risk-evaluations-under (last updated Jan. 21, 2025).

## II. Proceeding in the Ordinary Course Does Not Constitute Extraordinary Circumstances.

There is nothing extraordinary about one administration defending a rule issued by the prior administration. *See, e.g.*, *Lab. Council for Latin Am. Advancement v. EPA*, 12 F.4th 234 (2d Cir. 2021) (hearing oral argument and resolving, during the Biden Administration, challenges to TSCA rule issued by the Trump Administration); *Sovereign Inupiat for a Living Arctic v. Bureau of Land Management*, 555 F. Supp.3d 739 (D. Alaska 2021) (resolving challenges to approvals granted under the Trump Administration and defended by the Biden Administration); *Coal. of Battery Recyclers Ass'n v. EPA*, 604 F.3d 613 (D.C. Cir. 2010) (upholding, during the Obama Administration, standards set under the Bush Administration); *Cement Kiln Recycling Coal. v. EPA*, 255 F.3d 855 (D.C. Cir. 2001) (resolving, under the Bush Administration, the legality of rules issued by the Clinton Administration). EPA is not harmed defending a rule that is on the books and currently in effect.[2]

---

[2] Not only does EPA fail to argue it is harmed by having to defend the Rule, EPA never argues that the traditional stay factors support holding this case in abeyance and has therefore forfeited any such arguments. *See Basardh v. Gates*, 545 F.3d 1068, 1069 (D.C. Cir. 2008) (In evaluating a motion for an abeyance the Court "may also take account of the traditional factors in granting a stay." (citing *Va. Petroleum Jobbers Ass'n v. Fed. Power Comm'n*, 259 F.2d 921, 925 (D.C. Cir. 1958))).

9

While EPA may choose not to defend certain provisions of the rule at oral argument, EPA does not claim that the nearly six weeks remaining before argument is insufficient to make such a determination.

And, if EPA chooses to abandon its defense of portions of the Rule challenged by industry, the Intervenor-Respondents stand ready to defend the Rule against Industry Petitioners' claims, as indicated by their Intervenor-Respondent brief.

## CONCLUSION

The motion should be denied as EPA cannot meet its burden to demonstrate that extraordinary cause exists to reschedule oral argument or that there is any cause to delay resolution of the statutory interpretation questions presented. EPA's proposal would needlessly delay resolution of vital questions of statutory interpretation, waste the considerable resources already expended in this case, and undermine the ongoing risk evaluations for over 20 chemicals.

However, if the Court believes some additional time is warranted to allow EPA to determine whether to continue its defense of the Rule, Intervenor-Respondents respectfully request that the Court order: (1) final briefs to be filed as

scheduled;³ and (2) oral argument be rescheduled to occur before the Court's term ends in May 2025.

DATED: February 11, 2025

Respectfully submitted,

*/s/ Tosh Sagar*
TOSH SAGAR
Earthjustice
1001 G St., NW, Ste. 1000
Washington, DC 20001
(202) 667-4500
tsagar@earthjustice.org

KELLY E. LESTER
Earthjustice
48 Wall St., 15th Floor
New York, NY 10005
(332) 251-0243
klester@earthjustice.org

*Counsel for Alaska Community Action on Toxics and Sierra Club*

---

³ Requiring EPA to file its final brief in compliance with this Court's order of September 9, 2024, does not require EPA's new decisionmakers to take any substantive position regarding this case because the Court prohibits any substantive edits when filing final briefs. Handbook at 46.

11

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Federal Rules of Appellate Procedure 27(d)(2)(A) and 32(g)(1) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 2,160 words as counted by counsel's word processing software.

Further, this document complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 using size 14 Times New Roman font. *See* Fed. R. App. P. 27(d)(1)(E).

**DATED:** February 11, 2025               */s/ Tosh Sagar*

                                                                TOSH SAGAR