U.S. COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT

United Steel, Paper and Forestry, Rubber, Manufacturing, Energy,
Allied Industrial and Service Workers International Union, AFL-CIO,

Petitioners,

v.

U.S. ENVIRONMENTAL PROTECTION AGENCY,

Respondent.

Petition for Review of a Rule of
the U.S. Environmental Protection Agency

**EPA's Motion for Voluntary Remand and
Renewed Motion to Hold Case in Abeyance**

Adam R.F. Gustafson
Acting Assistant Attorney General

Daniel R. Dertke
Rachel Martinez
U.S. Department of Justice
Environment & Natural Resources Div.
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
202.514.0994 (Dertke)
202.616.5589 (Martinez)
daniel.dertke@usdoj.gov
rachel.martinez@usdoj.gov

*Of counsel*
Daniel DePasquale
Derek Gilliam
U.S. Environmental Protection
Agency
Office of General Counsel
Washington, D.C.

# TABLE OF CONTENTS

Table of Contents ........................................................................................ i

Introduction .................................................................................................1

Background ...................................................................................................2

    I.      Statutory and Regulatory Background ....................................................2

    II.     Procedural Background ........................................................................3

Argument......................................................................................................4

    I.      Remand of the 2024 Rule is warranted. ...............................................5

         A.     EPA should be allowed to reconsider the 2024 Rule. ................5

         B.     Remand without vacatur is appropriate and would not
             prejudice the parties. ...............................................................10

    II.     The Court also should suspend oral argument and hold these
        petitions in abeyance. ........................................................................12

Conclusion ...............................................................................................13

Certificates of Compliance and Service....................................................14

**INTRODUCTION**

Petitioners seek review of EPA's "Procedures for Chemical Risk Evaluation Under the Toxic Substances Control Act," 89 Fed. Reg. 37028 (May 3, 2024) ("2024 Rule"). The 2024 Rule was promulgated pursuant to the 2016 Amendments to the Toxic Substances Control Act ("TSCA") and revised certain policy decisions and statutory interpretations made in the 2017 Framework Rule issued by EPA under the first Trump Administration. As the attached declaration from EPA makes clear, the Agency has now determined that it wishes to revisit and reconsider the 2024 Rule by initiating notice-and-comment rulemaking as soon as possible. *See* Declaration of Nancy Beck (Mar. 10, 2025).

Given this conclusion, EPA respectfully requests that the Court remand without vacatur the 2024 Rule to allow the Agency to reconsider it and to hold all proceedings (including the March 21 oral argument) in abeyance. Remand will allow EPA to, among other things, reconsider the Agency's approach of making a single risk determination on the chemical substance, rather than determining unreasonable risk on a condition-of-use by condition-of-use basis. Beck Decl. ¶ 9. It will also allow EPA to reconsider the Agency's approach of requiring inclusion of all conditions of use in each TSCA risk evaluation. *Id.* And remand will allow EPA to reevaluate how it considers personal protective equipment when making risk determinations. *Id.* Finally, remand will allow EPA to assess its decision to

include "overburdened communities" in the definition of "potentially exposed or susceptible subpopulations" and to consider whether no examples, or additional examples, should be included in the regulatory definition. *Id.*

EPA has conferred with the parties regarding this motion. Industry Petitioners and Intervenor Petitioner do not oppose the motion for remand and renewed motion to hold the case in abeyance. Labor Petitioners and Environmental Intervenors oppose the motion and intend to file oppositions.

## BACKGROUND

### I. Statutory and Regulatory Background

TSCA, as amended in 2016, requires EPA to conduct a "risk evaluation" to determine "whether a chemical substance presents an unreasonable risk of injury to health or the environment, without consideration of costs or other nonrisk factors, … under the conditions of use." 15 U.S.C. § 2605(b)(4)(A). If, through the risk evaluation, EPA determines that the use of chemical substance presents an unreasonable risk, EPA must engage in risk management and ultimately regulate to address any unreasonable risks. *Id.* § 2605(a), (c).

EPA proposed its first rule establishing a procedural framework for conducting risk evaluations in early 2017, 82 Fed. Reg. 7562 (Jan. 19, 2017), and published a final rule half a year later, 82 Fed. Reg. 33725 (July 20, 2017).

In 2024, EPA revised the 2017 rule.  As relevant here, EPA added regulatory text expressly stating that EPA will not exclude any conditions of use from the scope of a risk evaluation, meaning all conditions of use must be assessed at one time.  40 C.F.R. § 702.37(b)(4).  EPA also revised its regulations to clarify that EPA will make a "single determination" of unreasonable risk for the "chemical substance," rather than determining unreasonable risk for each condition of use. *Id.* § 702.39(f)(1).  Third, EPA added regulatory text expressly stating that, in making risk determinations, EPA will consider information regarding worker exposures, including circumstances where workers are exposed due to the absence or ineffective use of personal protective equipment, but will no longer assume that workers use and benefit from reduced exposure due to personal protective equipment. *Id.* § 702.39(f)(2).  And, EPA added "overburdened communities" to its list of "potentially exposed or susceptible subpopulation," as defined at 15 U.S.C. § 2602(12).  *Id.* § 702.33.

## II.    Procedural Background

In May and June 2024, Petitioners timely filed petitions for review in the Ninth Circuit, Fifth Circuit, and this Court.  On June 5, 2024, the Judicial Panel on Multidistrict Litigation selected this Court to hear all challenges to the 2024 Rule pursuant to 28 U.S.C. § 2112(a)(3).  Industry Petitioners and Petitioner Intervenor challenge: (1) EPA's approach requiring inclusion of all conditions of use in each

TSCA risk evaluation; (2) EPA's approach to making a single risk determination on the chemical substance, rather than multiple determinations on a condition-of-use by condition-of-use basis; and (3) EPA's "no [personal protective equipment] assumption." Petitioner Intervenor challenges EPA's inclusion of "overburdened communities" as a potentially exposed or susceptible subpopulation. Labor Petitioners challenge EPA's approach to consider personal protective equipment in certain circumstances.

On January 23, 2025, three days after the change in administration, this Court scheduled oral argument for March 21, 2025. Shortly thereafter, on February 5, 2025, EPA moved to hold the case in abeyance and postpone oral argument, to allow the new administration time to review the 2024 Rule and decide what action, if any, to take. This Court denied EPA's motion on February 14, 2025. EPA has now completed its review of the 2024 Rule and determined that the Rule should be reconsidered by initiating notice-and-comment rulemaking.

## ARGUMENT

Agencies are entitled to change positions, and they often do so to account for the changes in policy that accompany a change in administration. This is such a case. As EPA's declaration explains, the Agency intends to reconsider the 2024 Rule. To allow EPA adequate time to conduct a proper reconsideration process,

the Court should remand the 2024 Rule to EPA without vacatur, suspend oral

argument, and place these cases in abeyance.

**I.      Remand of the 2024 Rule is warranted.**

**A.      EPA should be allowed to reconsider the 2024 Rule.**

Agencies may reconsider past decisions and revise, replace, or repeal a

decision to the extent permitted by law and supported by a reasoned explanation.

*FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009); *see also Motor*

*Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29, 42 (1983)

("[R]egulatory agencies do not establish rules of conduct to last forever [and] must

be given ample latitude to adapt their rules and policies to … changing

circumstances.") (internal citations and quotation marks omitted)); *Nat'l Ass'n of*

*Home Builders v. EPA*, 682 F.3d 1032, 1038, 1043 (D.C. Cir. 2012) (explaining

that an agency's "reevaluation of which policy would be better in light of the facts"

is "well within" its discretion and that a change in administration is a "perfectly

reasonable basis for an executive agency's reappraisal of the costs and benefits of

its programs and regulations" (internal quotation marks omitted)).

Allowing for voluntary remand is consistent with this principle.  *See Ethyl*

*Corp. v. Browner*, 989 F.2d 522, 524 (D.C. Cir. 1993).  "[W]hen an agency action

is reviewed by the courts, in general the agency may take one of five positions,"

including that the agency may request a remand "in order to reconsider its previous

position." *SKF USA Inc. v. United States*, 254 F.3d 1022, 1027–28, 1029 (Fed. Cir. 2001).  Remand should be granted so long as "the agency intends to take further action with respect to the original agency decision on review." *Limnia, Inc. v. Dep't of Energy*, 857 F.3d 379, 386 (D.C. Cir. 2017).

Indeed, courts generally only refuse voluntary remand when the agency's request is frivolous or made in bad faith.  *See Cadillac of Naperville, Inc. v. NLRB*, 14 F.4th 703, 719 (D.C. Cir. 2021); *Limnia, Inc.*, 857 F.3d at 386–87 (refusing remand where agency had no intention to revisit challenged decision).  This is for good reason. "Administrative reconsideration is a more expeditious and efficient means of achieving an adjustment of agency policy than is resort to the federal courts." *B.J. Alan Co. v. ICC*, 897 F.2d 561, 562 n.1 (D.C. Cir. 1990) (internal quotation marks and citation omitted).  As this Court explained in *Ethyl Corp.*, 989 F.2d at 524, courts "commonly grant such motions, preferring to allow agencies to cure their own mistakes rather than wasting the courts' and the parties' resources reviewing a record that both sides acknowledge to be incorrect or incomplete." *See also Anchor Line Ltd. v. Fed. Maritime Comm'n*, 299 F.2d 124, 125 (D.C. Cir. 1962) ("[W]hen an agency seeks to reconsider its action, it should move the court to remand or to hold the case in abeyance pending reconsideration by the agency.").

Remand is proper in this case to allow EPA to reconsider the 2024 Rule. Specifically, EPA asks this Court to remand, without vacatur, the 2024 Rule so that EPA may reconsider certain legal and policy conclusions underlying the 2024 Rule. Beck Decl. ¶¶ 5, 9. EPA's reconsideration is consistent with agencies' implicit authority to reconsider past decisions, particularly in light of a change of administration and attendant change in policy priorities and approach to statutory interpretation.

An agency may seek remand because it wishes to revisit its interpretation of the governing statute, the procedures it followed in reaching its decision, or the decision's relationship to other agency policies. *SKF U.S.A. Inc.*, 254 F.3d at 1028–29. EPA seeks remand for these reasons. Following this Court's denial of EPA's motion for an abeyance, EPA prioritized review of the 2024 Rule, and the Agency has now concluded that remand of the 2024 Rule for reconsideration and rulemaking is appropriate and would advance the Administration's policy objectives. Beck Decl. ¶¶ 4-5.

Remand is reasonable because it will allow EPA to, among other things, reconsider the Agency's approach to make a single risk determination for the chemical substance, rather than on a condition-of-use by condition-of-use basis. *Id.* ¶ 9. It will also allow EPA to reconsider the Agency's approach requiring inclusion of all conditions of use in each risk evaluation. *Id.* And remand will

allow EPA to reevaluate how it considers personal protective equipment when making risk determinations. *Id.* Finally, remand will allow EPA to assess its decision to include "overburdened communities" as an example in the definition of "potentially exposed or susceptible subpopulations." *Id.* EPA plans to provide an opportunity for comment on the additional information or analyses it considers and any new final action it may take on remand, as appropriate. *Id.* ¶ 10. EPA presently expects its reconsideration process to be complete in 9-14 months. *Id.*

Granting remand to allow EPA to revisit the 2024 Rule promotes judicial economy. *See B.J. Alan Co.*, 897 F.2d at 562 n.1 (recognizing the efficiency of administrative reconsideration to modify agency policy as compared to judicial review). Here, Petitioners have filed briefs raising objections to the 2024 Rule for employing legal and policy approaches that EPA now intends to revisit. EPA's reconsideration of its approach to these issues may address and resolve Petitioners' concerns or, at least, narrow the issues if Petitioners were to challenge final action arising out of remand. Even if EPA's action on remand does not resolve all of the claims presented in this petition for review, EPA's reconsideration of the issues will likely develop additional support for its action so that subsequent judicial review will turn on a new and different record. The parties and the Court would benefit from this record.

Remand is appropriate here notwithstanding that some of the issues raised in the parties' briefing are questions of statutory interpretation. EPA's view of the best statutory interpretation on any particular question is informed both by TSCA's text and by its view of the best way to execute the polices that Congress embodied in TSCA. Although that view is not entitled to deference, "the informed judgment of the Executive Branch" may nevertheless be entitled to "great weight" And inform the Court's review of the underlying rule. *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 388 (2024) (citing *United States v. American Trucking Assns., Inc.*, 310 U.S. 534, 544 (1940)); *see also id.* at 402 (noting that an agency's statutory interpretation "may be especially informative" and that "an Executive Branch interpretation may have "particular" persuasive power). As such, EPA should be afforded the opportunity to develop and articulate its position on the statutory issues in light of its policy imperatives and expertise.

Finally, EPA's request for voluntary remand here is made in good faith. In February 2025, EPA moved for an abeyance and to continue oral argument, indicating that the Agency *may* seek to reconsider the 2024 Rule. When this Court denied EPA's motion, EPA promptly expedited its internal deliberations on the next steps for the 2024 Rule. As a result of these deliberations, EPA has decided to reconsider the 2024 Rule in its entirety. Because EPA seeks in good faith to

revisit its past decision, remand is appropriate here and would promote judicial efficiency.

### B. Remand without vacatur is appropriate and would not prejudice the parties.

The Court should remand the 2024 Rule without vacatur to facilitate the Agency's reconsideration and further rulemaking. In determining whether to remand without vacatur, the Court considers "the seriousness of the … deficiencies (and thus the extent of doubt whether the agency chose correctly) and the disruptive consequences of an interim change that may itself be changed." *Allied-Signal, Inc. v. U.S. Nuclear Regulatory Comm'n*, 988 F.2d 146, 150–51 (D.C. Cir. 1993) (citation and quotation marks omitted). As explained above and in EPA's declaration, EPA intends to reconsider several legal and policy assumptions underlying the 2024 Rule—issues that overlap with those that Petitioners have raised in this litigation. Beck Decl. ¶ 9.

Remanding to EPA without vacatur for the purpose of expeditious reconsideration through rulemaking will not harm Petitioners. As required by TSCA, EPA will continue to develop risk evaluations under the 2024 Rule until such time as the anticipated rulemaking is completed. Petitioners and others will have the opportunity to comment on draft risk evaluations and, if necessary, to petition EPA for reconsideration of final risk evaluations and risk management rules. Conversely, retaining the case for an eventual decision during the pendency

of EPA's reconsideration risks disruptive consequences regardless of whether the Court upholds, vacates, or vacates in part the 2024 Rule. Doing so would call into question any actions taken in the interim, thereby diverting resources from EPA's core mission under TSCA and frustrating the interests of stakeholders. In these circumstances, the Court should allow the agency the opportunity to reexamine its assumptions and analyses in the first instance. *SKF*, 254 F.3d at 1030 (an agency must be allowed to assess "the wisdom of its policy on a continuing basis") (citation and internal quotation marks omitted).

To the extent Petitioners believe the 2024 Rule was flawed, they will not be harmed by EPA's voluntary remand. If Petitioners contend that they are harmed by the application of the 2024 Rule in any risk evaluation while EPA is reconsidering the 2024 Rule, they can seek relief from such harm through judicial review of the chemical-specific actions. Moreover, EPA intends to work expeditiously to complete risk evaluations and risk management rulemakings by the statutory deadlines and court-ordered deadlines in applicable consent decrees for specific chemical substances. *See* Beck Decl. ¶ 3.

Petitioners would have the opportunity to provide additional comments on any proposed actions on remand. *See id.* ¶ 10. And Petitioners will have the opportunity to challenge EPA's action on remand. If EPA determines revisions are

necessary, any proposed and final rule would have the required public comment

opportunities and would be judicially reviewable.

Given that remand without vacatur would not cause any harm and is the least

disruptive course of action and that it is in the public interest to allow EPA to

reconsider its prior actions, remand without vacatur is appropriate here.

Accordingly, the Court should remand the 2024 Rule without vacatur to allow EPA

to proceed with its reconsideration in a timely fashion.

## II. The Court also should suspend oral argument and hold these petitions in abeyance.

Because EPA has decided to reconsider the 2024 Rule in its entirety, an

abeyance of the pending cases is warranted. When the Court denied EPA's first

abeyance motion, the Agency had not yet decided what action, if any, to take.

Since then, the circumstances have materially changed because EPA has now

decided it wishes to reconsider the 2024 Rule by initiating a rulemaking. Holding

oral argument in these circumstances, when EPA is in the early stages of

reconsidering the 2024 Rule, could prejudice EPA's policy discretion and would

be an inefficient use of judicial and party resources. As noted, the Agency

anticipates its reconsideration of the Rule will involve further rulemaking that

could revise or rescind some or all of the portions of the Rule at issue in this

proceeding, thereby obviating the need for judicial resolution of some or all of the

issues addressed in the petitions for review.  Holding these matters in abeyance pending reconsideration would conserve these resources.

## CONCLUSION

The Court should remand the 2024 Rule to EPA for reconsideration, suspend the March 21 argument, and hold all proceedings in abeyance with status reports from EPA due every 90 days.

Respectfully submitted on March 10, 2025.

*Of counsel*
Daniel DePasquale
Derek Gilliam
U.S. Environmental Protection
Agency
Office of General Counsel
Washington, D.C.

Adam R.F. Gustafson
Acting Assistant Attorney General

 /s/  *Daniel R. Dertke*
Daniel R. Dertke
Rachel Martinez
U.S. Department of Justice
Environment & Natural Resources Div.
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
202.514.0994 (Dertke)
202.616.5589 (Martinez)
daniel.dertke@usdoj.gov
rachel.martinez@usdoj.gov

# CERTIFICATES OF COMPLIANCE AND SERVICE

I certify that this brief complies with Fed. R. App. P. 32(a)(5) and (6) because it uses 14-point Times New Roman, a proportionally spaced font.

I also certify that this brief complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because by Microsoft Word's count, it has 2772 words, excluding the parts of the brief exempted under Rule 32(f).

Finally, I certify that on March 10, 2025, I electronically filed this brief with the Court's CM/ECF system, which will serve each party.

*/s/ Daniel R. Dertke*
Daniel R. Dertke