# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO,<br><br>   *Petitioner*,<br><br>   v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY,<br><br>   *Respondent*. | Lead Case No. 24-1151<br><br>Consolidated with Case Nos. 24-1182, 24-1185, 24-1202, 24-1237 |

## DECLARATION IN SUPPORT OF MOTION FOR VOLUNTARY REMAND

1. I, Nancy Beck, declare under penalty of perjury that the following statements are true and correct to the best of my knowledge and belief and that they are based upon my personal knowledge, information contained in the records of the United States Environmental Protection Agency ("EPA" or "the Agency"), or information supplied to me by EPA employees under my supervision at EPA Headquarters. *See* 28 U.S.C. § 1746.

2. I am the Principal Deputy Assistant Administrator for the Office of Chemical Safety and Pollution Prevention ("OCSPP") within EPA. I have held this position since February of 2025; however, I held this position previously from December 2018 to January 2021. Prior to rejoining EPA this year, I worked for a law firm as their Director of Regulatory Science. I hold a B.S. in Microbiology from Cornell University and an M.S. and Ph. D. in Environmental Health from the University of Washington.

3. The Office of Pollution Prevention and Toxics ("OPPT") in OCSPP is responsible for the administrative development of the "Procedures for Chemical Risk Evaluation Under the Toxic Substances Control Act (TSCA)," 89 Fed. Reg. 37029 (May 3, 2024) ("2024 Rule"). In addition to this rulemaking, OPPT is currently working diligently on numerous prioritization actions, scope evaluations, risk evaluations and risk management rules required under TSCA. This work is necessary to ensure that EPA is able to meet the aggressive statutory deadlines that Congress added to the statute in 2016. *See e.g.*, 15 U.S.C. §§ 2605(b)(4)(G), 2605(c)(1). Many of these actions are also subject to court-ordered deadlines in consent decrees. *See, e.g.*, Consent Decree Regarding High-Priority Chemical Risk Evaluation Deadlines, *Community In-Power Development Assoc., Inc., et al. v. U.S. Environmental Protection Agency*, No. 1:23-cv-02715-DLF (D.D.C. No. 22, 2024), ECF No. 39 (setting deadlines to complete draft and final risk evaluations for subject chemicals, including several deadlines in 2025).

4. After the new Administration took office on January 20, 2025, the President issued several Executive Orders calling for careful review of agency actions for compliance with applicable law. Of note is Executive Order 14219, which requires reviewing all regulations subject to an agency's jurisdiction for "consistency with law and Administration policy" and identifying "regulations that are based on anything other than the best reading of the underlying statutory authority or prohibition." "Ensuring Lawful Governance and Implementing the President's 'Department of Government Efficiency' Deregulatory Initiative," § 2(a), (a)(iii), 90 Fed. Reg. 10,583, 10,583 (Feb. 25, 2025). Accordingly, EPA is conducting a review of its rules, including rules promulgated by OCSPP to implement TSCA.

5. OCSPP has determined that the 2024 Rule at issue in this petition for review should be reconsidered through further rulemaking. Accordingly, EPA, by and through OCSPP,

believes that remand of this action for further reconsideration is appropriate and necessary to effective implementation of its TSCA program.

6. This declaration is filed in support of EPA's motion for voluntary remand. The purpose of this declaration is to explain the considerations informing EPA's request for voluntary remand and EPA's rationale for requesting remand.

7. Statutory and Regulatory Background

   a. The Toxic Substances Control Act ("TSCA") requires EPA, after completing a prioritization and scoping process, to review chemical substances in commerce to determine whether they "present[] an unreasonable risk of injury to health or the environment, without consideration of costs or other nonrisk factors, including an unreasonable risk to a potentially exposed or susceptible subpopulation identified as relevant to the risk evaluation by the Administrator, under the conditions of use." 15 U.S.C. § 2605(b)(4)(A). TSCA also requires EPA to "establish, by rule, a process to conduct risk evaluations." *Id.* § 2605(b)(4)(B).

   b. In conducting a risk evaluation, TSCA requires, among other things, that EPA "integrate and assess available information on hazards and exposures for the conditions of use of the chemical substance" to determine whether its use presents an unreasonable risk. *Id.* § 2605(b)(4)(F)(i). Draft risk evaluations are reviewed by the Science Advisory Committee on Chemicals (SACC), *see id.* § 2625(o)(1)–(2) (directing EPA to establish the SACC and to consult with the SACC to receive independent advice and expert consultation on EPA's scientific and technical efforts under TSCA), and must be published for public comment, *id.* § 2605(b)(4)(H). EPA must

| | |
|---|---|
| | respond to the SACC's analysis and public comments, including any data received, when finalizing the risk evaluation, and risk evaluations generally must be completed "as soon as practicable, but not later than [three] years after" the risk evaluation is initiated. *Id.* § 2605(b)(4)(G)(i). |
| c. | A determination of unreasonable risk triggers the next step in the process, risk management. *Id.* § 2605(a). During the risk management phase, EPA goes through a public rulemaking process, utilizing risk management tools laid out in § 2605(a) to eliminate, to the extent necessary, the unreasonable risk or risks identified in the risk evaluation. *Id.* Risk management rules generally must be finalized within two years of when EPA publishes a final risk evaluation. *Id.* § 2605(c)(1)(B). |
| d. | Any risk evaluation, and, if warranted, subsequent risk management rulemaking, must also meet statutory requirements that the action(s) be based on the best available science, the weight of the scientific evidence, and "information relating to a chemical substance or mixture, including hazard and exposure information, under the conditions of use, that is reasonably available to the Administrator." *Id.* § 2625(h), (i), (k). |
| e. | In July 2017, EPA finalized the "Procedures for Chemical Risk Evaluations Under the Amended Toxic Substances Control Act," 82 Fed. Reg. 33726 (July 20, 2017) ("2017 Rule"). Under the previous administration, President Biden instructed the heads of all agencies to review all regulations promulgated during the previous four years to assess their conformance with the administration's policy preferences. "Protecting Public Health and the Environment and Restoring Science to Tackle the Climate Crisis." 86 |

Fed. Reg. 7037 (Jan. 25, 2021) (rescinded). After determining that multiple provisions of the rule did not conform with its administration policy and its interpretation of TSCA, EPA promulgated the 2024 Rule at issue in the petitions for review.

8. Since promulgating the 2024 Rule, OCSPP has received comments from numerous stakeholders, including federal agencies, expressing concerns with the 2024 Rule's framework for conducting risk evaluations.

9. On remand, OCSPP intends to reconsider the 2024 Rule in its entirety through notice-and-comment rulemaking, including with respect to the issues raised in the petitions for review. Specifically, OCSPP will assess whether the following requirements of the 2024 Rule conform with the current Administration's priorities and informed understanding of the best reading of TSCA:

    a. The 2024 Rule at 40 C.F.R. § 702.37(a)(4) states in part that "EPA will not exclude conditions of use from the scope of the risk evaluation, but a fit-for-purpose approach may result in varying types and levels of analysis...." OCSPP will reconsider this requirement and seek comment on whether it is appropriate for it to require the inclusion of all conditions of use of a chemical substance in each risk evaluation.

    b. The 2024 Rule at 40 C.F.R. § 702.39(f)(1) requires EPA to "make a single determination as to whether the chemical substance presents an unreasonable risk of injury to health or the environment...." OCSPP will reconsider this requirement and seek comment on whether it is appropriate for its risk evaluations to include a single chemical risk determination on

the chemical substance rather than multiple risk determinations on a condition-of-use by condition-of-use basis.

c. The 2024 Rule at 40 C.F.R. § 702.39(f)(2) states that "[i]n determining whether unreasonable risk is presented, EPA's consideration of occupational exposure scenarios will take into account reasonably available information, including known and reasonably foreseen circumstances where subpopulations of workers are exposed to the absence or ineffective use of personal protective equipment. EPA will not consider exposure reduction based on assumed use of personal protective equipment as part of the risk determination." OCSPP will reconsider this requirement and seek comment on how the use of personal protective equipment should be considered in its TSCA risk evaluations.

d. The 2024 Rule at 40 C.F.R. § 702.33 includes the example of "overburdened communities" in its definition of the term potentially exposed or susceptible subpopulation. OCSPP will reconsider and seek comment on whether the inclusion of this additional example is appropriate and whether no examples, or a broader list of examples, should instead be included in the regulation.

10. On remand, OCSPP intends to issue a proposed rule seeking public comment on these issues and additional potential changes to the 2024 Rule and finalize a new framework rule based on public input. EPA expects this process, including any regulatory changes, to take between 9-14 months.

I declare under penalty of perjury that the foregoing is true and correct.

Nancy Beck
Digitally signed by NANCY BECK
Date: 2025.03.10 13:24:00 -04'00'

Nancy Beck
Principal Deputy Assistant Administrator
Office of Chemical Safety and Pollution Prevention
U.S. Environmental Protection Agency