ORAL ARGUMENT SCHEDULED FOR MARCH 21, 2025

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, et al., <br><br>*Petitioners*, <br><br>v. <br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, et al., <br><br>*Respondents,* <br>_____ <br><br>OLIN CORPORATION, et al., <br><br>*Intervenors.* | Docket No. 24-1151 <br><br>Consolidated with Case Nos. 24-1182, 24-1185, 24-1202, 24-1237 |

**INDUSTRY PETITIONERS' REPLY IN SUPPORT OF EPA'S MOTION
FOR VOLUNTARY REMAND AND RENEWED
MOTION TO HOLD CASE IN ABEYANCE**

Petitioners Texas Chemistry Council, American Chemistry Council, American Fuel & Petrochemical Manufacturers, and American Petroleum Institute ("**Industry Petitioners**") respectfully submit this reply in support of Respondent U.S. Environmental Protection Agency's ("**EPA**") motion for voluntary remand and

renewed motion to hold the case and all its proceedings in abeyance ("**Remand Motion**").

1. On March 10, 2025, EPA filed the Remand Motion stating its intention to revisit and reconsider the rulemaking that is currently being challenged in the consolidated cases—*i.e.*, the 2024 Rule. *See* EPA Mot. for Voluntary Remand and Renewed Mot. to Hold Case in Abeyance, Doc. ID 2104767. The Remand Motion explicitly stated that EPA plans on revising the 2024 Rule by "initiating notice-and-comment rulemaking as soon as possible." *Id.* at 1. This will involve reconsideration of all aspects of the 2024 Rule, including those that Industry Petitioners and others have challenged—the Whole Chemical Approach, All Conditions of Use, the No-PPE Assumption, and the definition of "overburdened communities." *Id.* at 1-2. The Remand Motion was supported by the Declaration of Nancy Beck, Principal Deputy Assistant Administrator for the Office of Chemical Safety and Pollution Prevention—the EPA Office tasked with implementation of the Toxic Substances Control Act ("**TSCA**"). *See* Dec. of Nancy Beck, Doc. ID 2104767.[1]

2. EPA has met the standard for voluntary remand because it has made clear its intention to revisit the very decision that is being challenged in these

---

[1] EPA also issued a press release on the same date that it filed the Remand Motion in which it publicly announced its intent to reconsider the 2024 Rule, including evaluation of the Whole Chemical Approach, All Conditions of Use Approach, No-PPE Assumption, and regulatory definitions, to determine whether these aspects of the Rule are consistent with TSCA, EPA's statutory authority, and the Trump Administration's Executive Orders and policies. *See* U.S. EPA, *EPA Announces Path Forward on Chemical Reviews to Protect Public Health, Increase Efficiency and Follow the Law* (Mar. 10, 2025), https://www.epa.gov/newsreleases/epa-announces-path-forward-chemical-reviews-protect-public-health-increase-efficiency.

consolidated cases. *Limnia, Inc. v. Dep't of Energy*, 857 F.3d 379, 386 (D.C. Cir. 2017); *Am. Hawaii Cruises v. Skinner*, 893 F.2d 1400, 1401 (D.C. Cir. 1990). Further, reevaluation of agency rulemaking is a common practice when there is a change in administration and prior decisions must be revisited to ensure conformance with the new administration's policies. *Nat'l Ass'n of Home Builders v. EPA*, 683 F.3d 1032, 1043 (D.C. Cir. 2012). Finally, remand of the 2024 Rule and holding the proceedings in abeyance will promote judicial efficiency, and ensure that the parties do not expend significant time and resources to prepare for the upcoming oral argument, when the challenged aspects of the 2024 Rule may no longer be at issue following EPA's reevaluation.

3.  Respondent-Intervenors Sierra Club and Alaska Community Action on Toxics ("**Respondent-Intervenors**") appear to want to keep this matter alive for the purpose of the impact of a ruling on the next round of rulemaking. However, as a general principle, federal courts are not allowed to issue advisory opinions. *Preiser v. Newkirk*, 422 U.S. 392, 401 (1975). This principle is rooted in the Constitution's requirement for a "case or controversy" under Article III, which limits courts to only deciding actual disputes between parties with opposing interests. U.S. CONST., art. III; *see id.* ("a federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them") (internal citations omitted). Advisory opinions, which are non-binding statements

on legal questions without an actual case, fall outside this constitutional requirement. *Pub. Citizen, Inc. v. FERC*, 92. F.4th 1124, 1127-28 (D.C. Cir. 2024). This limitation ensures that federal courts do not engage in hypothetical or abstract legal questions, maintaining their role as adjudicators of real and concrete disputes. *Id.* at 1228 (Article III's "live controversy" requirement prohibits courts from issuing decisions when there is not a "more-than-speculative" chance of the parties' rights being affected in the future). While the outcome of EPA's reevaluation of the 2024 Rule cannot be predicted, it is improbable that the agency will simply readopt the Rule as currently written. Therefore, judicial review of the 2024 Rule will amount to an impermissible advisory opinion when EPA itself has clearly stated its intent to reconsider all aspects of the 2024 Rule being challenged in these cases.

4. Accordingly, Industry Petitioners respectfully submit their support for EPA's Remand Motion, including the renewed request to hold the case and all proceedings, including the upcoming oral argument, in abeyance.

DATED: March 12, 2025                    Respectfully submitted,

*/s/ Rafe Petersen*
Rafe Petersen
Meaghan Colligan Hembree
HOLLAND & KNIGHT LLP
800 17th Street N.W.
Suite 1100
Washington, D.C. 20006
Rafe.Petersen@hklaw.com

Meaghan.Colligan@hklaw.com
Tel.: (202) 419-2481

*Counsel for Industry Petitioners
Texas Chemistry Council and
American Chemistry Council*

*/s/ David Chung*
David Y. Chung
Warren Lehrenbaum
CROWELL & MORING LLP
1001 Pennsylvania Avenue N.W.
Washington, D.C. 20004
(202) 624-2587
DChung@crowell.com

*Counsel for Industry Petitioners
American Fuel & Petrochemical
Manufacturers and American
Petroleum Institute*

# CERTIFICATE OF COMPLIANCE

Counsel hereby certifies that this Reply in Support of EPA's Motion for Voluntary Remand and Renewed Motion to Hold Case in Abeyance complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A), because it contains 772 words, according to Microsoft Word's word count.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

*/s/ Rafe Petersen*
Rafe Petersen

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of March, 2025, this Reply in Support of EPA's Motion for Voluntary Remand and Renewed Motion to Hold Case in Abeyance has been served on all registered counsel through the Court's electronic filing system.

*/s/ Rafe Petersen*
Rafe Petersen