ORAL ARGUMENT SCHEDULED FOR MARCH 21, 2025
IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO,<br>   *Petitioner*,<br><br>v.<br><br>ENVIRONMENTAL PROTECTION AGENCY,<br>   *Respondent*. | Lead Case No. 24-1151<br><br>Consolidated with Case Nos. 24-1182, 24-1185, 24-1202, 24-1237 |

**INTERVENOR-RESPONDENTS' OPPOSITION
TO EPA'S MOTION FOR VOLUNTARY REMAND AND RENEWED
MOTION TO HOLD CASE IN ABEYANCE**

EPA renews its attempt to avoid judicial review of the fully briefed statutory questions raised in this case, offering virtually the same justifications as before. After *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), the desires of EPA's new political leadership to reverse the agency's view of what TSCA requires is not a valid basis for pausing litigation. EPA's arguments do not establish the "extraordinary cause" required for continuance of a scheduled argument. D.C. Cir. R. 34(g). And even on EPA's terms, the stated reasons for remand and abeyance are "frivolous" in light of *Loper Bright*'s standard for reviewing questions of

1

statutory interpretation. EPA Mot. for Voluntary Remand and Renewed Mot. to Hold Case in Abeyance at 6, Doc. 2104767 ("EPA Mot.") The Court should deny the motion, just as it did the earlier motion for abeyance.

1.      After *Loper Bright*, EPA's four primary rationales for remanding this case fail.

First, EPA says it wants to "revisit its interpretation of the governing statute" and reconsider the rule "in light of a change . . . in policy priorities and approach to statutory interpretation." EPA Mot. at 7.[1] Because this case turns on resolving questions of statutory interpretation, it is <u>the Court's</u> role (not EPA's) to determine the "single, best meaning of a statute." *Loper Bright*, 603 U.S. at 400 (cleaned up); *see also id.* ("[I]n an agency case as in any other, there is a best reading all the same—the reading the court would have reached if no agency were involved." (cleaned up)).[2] Accordingly, after *Loper Bright*, EPA's "wish[] to revisit its

---

[1] These are largely indistinguishable from the reasons EPA gave for its first motion, though EPA has now committed to begin a rulemaking process. *Compare* EPA Mot. at 7 *with* EPA Mot. to Postpone Oral Arg. and Hold Matter in Abeyance ¶ 8, Doc. 2098875.

[2] The two principal issues in this case—concerning the conditions of use to be considered in a risk evaluation and the form of a risk determination—involve pure legal questions of statutory interpretation. *See* Intervenor-Respondents' Opp. to EPA Mot. to Postpone Oral Arg. and Hold Matter in Abeyance at 5–6, Doc. 2100146 ("Abeyance Opp."); EPA Mot. at 1 (conceding the challenged rule "revised certain…statutory interpretations").

2

interpretation of the governing statute" can no longer provide a valid basis for remanding this matter. *Contra* EPA Mot. at 7.

Second, EPA repeatedly and incorrectly suggests that the questions raised in this case are matters of agency "policy." EPA Mot. at 4, 6, 7, 8, 9, 10. But as is clear from the merits briefing, the primary issues raised by the Industry Petitions implicate questions of statutory interpretation. *See* Abeyance Opp. at 5–6 (citing relevant portions of merits briefs); *see also* EPA Mot. at 9. Under *Loper Bright*, courts construe statutes to arrive at the best reading independent of agency "policy preferences." 603 U.S. at 403 (Judicial review enables courts to "exercise judgment free from the influence of the political branches.").

Third, a new record would not "benefit" the Court in resolving the statutory interpretation issues in this case. *Contra* EPA Mot. at 8. The Court already has the agency's existing record before it, and this is not a case where the parties agree that the existing record is "incorrect or incomplete" and a new record would be helpful. *Contra* EPA Mot. at 6 (cleaned up). And adding the findings of EPA's new political leadership is pointless because the Court arrives at the best reading using the "traditional tools of statutory construction," and the agency's record of decision is not one of the traditional tools. *Loper Bright*, 603 U.S. at 400 (Court arrives at best reading as "if no agency were involved."); *see* Scalia and Garner, *Reading*

3

*Law* § 2 (explaining that statutory meaning is "derived from the text, not from extrinsic sources").

Fourth, EPA incorrectly argues that the views of its new political leadership, as expressed in some future action, "may be especially informative" or entitled to "great weight." EPA Mot. at 9 (quoting *Loper Bright*, 603 U.S. at 402, 388). Allowing EPA's new political leadership to take another bite at the apple won't help the courts resolve the questions presented.

The statutory questions at issue here do not "rest[] on <u>factual premises</u>" that may, in other circumstances, make an agency's view "especially informative." *Loper Bright*, 603 U.S. at 402 (emphasis added) (cleaned up). And to the extent that EPA's new leadership has different views on these statutory questions than those embodied in the challenged rule, those views would not carry the power to persuade given the agency's inconsistency. *See Loper Bright*, 603 U.S. at 388 (weight given to an agency interpretation depends on "its consistency with earlier and later pronouncements" (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944))).[3]

---

[3] Indeed, if EPA were to change position on remand, that would be its third shift in the past eight years, *see* Intervenor-Respondents' Final Br. at 11–12, Doc. 2100828, and this would "count against" its persuasiveness. *Landmark Legal Foundation v. IRS*, 267 F.3d 1132, 1137 (D.C. Cir. 2001).

4

2. Remanding this fully briefed matter would not promote judicial economy. *Contra* EPA Mot. at 8. As already explained in Intervenor-Respondents' opposition to EPA's prior abeyance motion, the regulated businesses (Industry) and the regulatory beneficiaries (including Intervenor-Respondents) take diametrically opposing views of what TSCA requires, and any new action is all-but-certain to trigger further litigation. *See* Abeyance Opp. at 6–8. Where, as here, the Court will face the same legal questions after remand that are already ripe for resolution, remand would waste the Court's and the parties' resources and is therefore inappropriate. *See AT&T Corp. v. FCC*, 841 F.3d 1047, 1054 (D.C. Cir. 2016) (explaining that "judicial economy" counsels in favor of addressing arguments "to avoid re-litigation of identical issues in a subsequent petition").

Equitable considerations also favor deciding this case, as a failure to resolve this fundamental dispute over TSCA's meaning creates administrative limbo for the multiple chemicals that are currently being evaluated under the 2024 framework rule. And failing to resolve the interpretive questions currently before the Court threatens EPA's ability to timely complete lawful risk evaluations and to timely issue lawful risk management rules. *See* Abeyance Opp. at 8.

3. Finally, Industry Petitioners suggest that deciding this case would be tantamount to an advisory opinion, but they fail to demonstrate why EPA's bare desire for a remand means there is no live case or controversy over a pending

5

challenge to an in-effect rule. Industry Reply in Supp. EPA Mot. ¶ 3, Doc. 2105457. Indeed, EPA asks this Court to hold this case in abeyance, thereby retaining jurisdiction, EPA Mot. at 13, and Industry Petitioners' support of that remedy demonstrates that they do not believe that the Court has lost jurisdiction over this dispute, *see* Industry Reply ¶ 4 (supporting request to hold case in abeyance).

Moreover, this Court has "rejected the notion that an agency can stave off judicial review of a challenged rule simply by initiating a new proposed rulemaking that would amend the rule in a significant way, because if that were true, a savvy agency could perpetually dodge review." *Sierra Club v. United States Dep't of Transportation*, 125 F.4th 1170, 1180 (D.C. Cir. 2025) (cleaned up) (holding a petition for review of a rule was ripe and not moot, despite ongoing agency rulemaking to modify the rule).

Therefore, the legal questions before the Court are not "hypothetical or abstract," *contra* Industry Reply ¶ 3, and a decision will "presently affect the parties' rights," *Pub. Citizen, Inc. v. FERC*, 92 F.4th 1124, 1127 (D.C. Cir. 2024) (cleaned up). Because the Court continues to have jurisdiction, it should hear and decide the case. *Mata v. Lynch*, 576 U.S. 143, 150 (2015).

## CONCLUSION

EPA's remand motion should be denied, and argument should proceed as scheduled.

| | |
|---|---|
| **DATED:** March 14, 2025 | Respectfully submitted,<br><br>*/s/ Tosh Sagar*<br>TOSH SAGAR<br>Earthjustice<br>1001 G St., NW, Ste. 1000<br>Washington, DC 20001<br>(202) 667-4500<br>tsagar@earthjustice.org<br><br>KELLY E. LESTER<br>Earthjustice<br>48 Wall St., 15th Floor<br>New York, NY 10005<br>(332) 251-0243<br>klester@earthjustice.org<br><br>*Counsel for Alaska Community Action on Toxics and Sierra Club* |

# CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Federal Rules of Appellate Procedure 27(d)(2)(A) and 32(g)(1) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 1322 words as counted by counsel's word processing software.

Further, this document complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 using size 14 Times New Roman font. *See* Fed. R. App. P. 27(d)(1)(E).

**DATED:**  March 14, 2025                               *s/ Tosh Sagar*