# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>Respondent,<br><br>OLIN CORPORATION, ET AL.,<br><br>Intervenors. | No. 24-1151<br><br>CONSOLIDATED WITH NOS. 24-1185, 24-1182, 24-1202, 24-1237 |

**INTERVENOR'S RESPONSE TO EPA'S MOTION FOR REMAND**

Olin Corp. ("Olin"), intervenor in support of petitioner, does not oppose the voluntary remand requested by respondent ("EPA"), Doc. 2104767, of the Risk Framework Rule at issue in this case. Olin respectfully submits that the reasons given by Labor Petitioners, Doc. 2105804 ("Labor Remand Opp."), and by Intervenor-Respondents Sierra Club and Alaska Community Action, Doc. 2105894 ("Intervenor Remand Opp."), for denying the motion are

1

unfounded. Most strikingly, Intervenor-Respondents are party only to the case brought by Industry Petitioners, No. 24-1185. Intervenor-Respondents' Unopposed Mot. for Leave to Intervene 1, Doc. 2061336. In that case, the petitioners and the respondent both agree that the case should be held in abeyance while EPA reconsiders the rule at issue. It would be remarkable to proceed with a merits decision that neither of the principal parties wants, solely because intervenors supporting respondent demand that the court decide petitioners' claims.

In more detail:

1. Labor Petitioners assert that this case revolves around issues of statutory interpretation. Labor Remand Opp. 6–8. That statement is not accurate about Labor Petitioners' own issues. Labor Petitioners presented three issues. Doc. 2079317, at 3 ("Labor Br."). The first was indeed whether EPA's purported willingness to consider personal protective equipment ("PPE") in a risk evaluation is contrary to Toxic Substances Control Act ("TSCA") section 6(b)(4)(A). But the second and third issues are contentions that the Risk Framework Rule is arbitrary and capricious. The third issue is

explicit on this point: "Whether Section 702.39(f)(2) of EPA's Revised Framework Rule is arbitrary." Labor Br. 3.

2. The second asks whether the rule is "inconsistent with TSCA's mandate that EPA rely on the 'best available science.'" *Id.* To that issue, Labor Petitioners devoted just over two pages in their opening brief, in which they argued only that PPE use cannot be measured and its consideration "run[s] counter to well-settled industrial hygiene principles" and therefore is not "science." *Id.* at 25–28. It followed, it contended, that any consideration of PPE use would be "arbitrary." Thus this issue, too, is really an assertion the Risk Framework Rule is arbitrary and capricious.

3. Whatever issues Industry Petitioners and Olin may have raised, *see* Labor Remand Opp. 6–7, Labor Petitioners have no ground for objecting to a remand on the basis of issues presented in a different case just because it is consolidated with theirs.

4. Intervenor-Respondents do not contend that statutory interpretations are the only issues presented by Industry Petitioners and Olin. Intervenor Remand Opp. 2–3. Instead they believe the "primary issues"

in the case "implicate questions of statutory interpretation." *Id.* at 3. Notably though, on the debate about PPE, Industry Petitioners and Olin both led with arbitrary-and-capricious arguments. Industry Petitioners contended that "[w]ithout considering the widespread use of PPE...Risk Evaluations conducted under the Rule will not comport with the 'weight of the scientific evidence.'" Industry Br. 38, Doc. 2079425. Olin explained that the Risk Framework Rule erects a presumption about PPE use that "fails...under the ordinary APA standard of review." Olin Br. 20, Doc. 2080540.

5. EPA, meanwhile, perceived both sets of challengers as challenging "the reasonableness of the 2024 Rule's framework for considering reasonably available information about [PPE]." Doc. 2090964, at 58–64 ("EPA Br.").

6. Intervenor-Respondents chose not to engage on this issue at all. Intervenor-Respondents Br., Doc. 2094966. Presumably the other issues in the case are "primary" to them. But the other parties—Labor Petitioners, Industry Petitioners, Olin, and EPA—have engaged in a debate about PPE that is indeed significantly about whether the Risk Framework Rule is arbitrary

4

and capricious, not just about the interpretation of statutory authority. If EPA revises its policy, the outcome may well substantially narrow the issues in the case. For example, some choices could eliminate Labor Petitioners' concerns altogether. Others could eliminate the entire PPE issue from Industry Petitioners' case. Those possibilities are ample justification for EPA's requested remand.

7. Furthermore, in both the Labor and Industry cases, the PPE debate has raised questions about what the Risk Framework Rule actually means. For example, Labor Petitioners, in their reply, complain "EPA has not explained the text of the PPE Rule." Doc. 2100696, at 5 (capitalization altered). In response to Industry Petitioners, EPA disputed their interpretation of the pertinent regulatory text. EPA Br. 79–83. Additional clarity from the agency would surely sharpen the debate—whatever debate remains after EPA's work on remand. Intervenor-Respondents assert "a new record would not 'benefit' the Court" because no party has contended the record is "incorrect or incomplete." Intervenor Remand Opp. 3. In reality, additional clarification

from EPA, in light of the conflicting assertions about what the Rule actually means regarding PPE, would be quite helpful.

8. Labor Petitioners' opposition to a remand relies on a case from the Federal Circuit that it says gives the Court "considerable discretion" whether to grant a remand when a case involves a statutory interpretation question. Labor Remand Opp. 8–9 (quoting *SKF USA v. United States*, 254 F.3d 1022 (Fed. Cir. 2001)). As noted above, regarding PPE (the sole issue in Labor Petitioners' case), there are substantial contentions that the Rule is arbitrary and capricious. Regarding Labor Petitioners' contention that EPA is entirely barred from taking account of PPE in risk evaluations, EPA has suggested the issue is not even ripe. EPA Br. 60. Labor Petitioners' case is not the sort of clear-cut statutory prohibition that *SKF* contemplated. Moreover, *SKF* itself said that when an agency simply wishes "to reconsider its previous position," without confessing an error, "if the agency's concern is substantial and legitimate, a remand is usually appropriate." *SKF*, 254 F.3d at 1029.

9. This Court's precedents are in line with that latter statement—which Labor Petitioners ignore. "An agency may obtain a remand without

6

confessing error, so long as it genuinely intends 'to reconsider, re-review or modify' its original decision." *Cadillac of Naperville, Inc. v. NLRB*, 14 F.4th 703, 719 (D.C. Cir. 2021). "We consider whether the agency has provided a reasoned explanation for a remand, . . . whether its motion is 'frivolous or made in bad faith,' . . . and whether granting the motion would 'unduly prejudice the non-moving party.'" *Id.*

10. Neither Labor Petitioners nor Intervenor-Respondents contend EPA's remand motion is in bad faith. Intervenor-Respondents suggest the motion is "frivolous." Intervenor Remand Opp. 1. But they base that assertion on the notion that the cases solely involve statutory interpretation. In fact, both cases have a major issue regarding PPE that turns on arbitrary/capricious arguments and the interpretation of EPA's record. Intervenor-Respondents contend EPA's rationales for a remand are inadequate, *id.* at 2–5; but again they overlook the debate about PPE.

11. Neither Labor Petitioners nor Intervenor-Respondents seriously contends a remand would prejudice either group. Their primary concern seems to be that they have briefed related issues in other cases that turned out

7

not to be ripe. It bears emphasis that EPA has contended many of the issues are not ripe in this case either. And there are clearly ripe cases already pending. EPA has four rules in pending litigation, three of them based on risk evaluations conducted under the Risk Framework Rule and a fourth using a risk determination based on the same policies as in the Rule. The Sierra Club (one of the two Intervenor-Respondents) is a petitioner challenging EPA's methylene-chloride rule as inadequate, Pet. Br., *East Fork Enterprises, Inc. v. EPA*, No. 24-60227 (5th Cir. Oct. 9, 2024), and it did not oppose a request by EPA to put that case in abeyance, *see* Gov't Mot. to Hold Case in Abeyance, No. 24-60227, ¶ 9 (5th Cir. Feb. 14, 2025). Labor Petitioners and the Sierra Club are both challenging EPA's carbon tetrachloride rule as inadequate, Pet., *United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union v. EPA*, No. 25-1137 (8th Cir. Jan. 23, 2025); Pet., *Sierra Club v. EPA*, No. 25-1175 (8th Cir. Jan. 30, 2025); and neither opposes EPA's motion to hold that case in abeyance, Gov't Mot. to Extend Abeyance at 2, *Olin Corporation v. EPA*, No. 25-1014 (8th Cir. Feb. 12, 2025) (reporting parties' positions). Labor Petitioners are also challenging EPA's

trichloroethylene rule as inadequate. Pet., *United Steel, Paper and Forestry Rubber Manufacturing v. Energy, Allied Industrial & Service Workers International Union, AFL-CIO v. EPA*, No. 25-1055 (3d Cir. Jan. 10, 2025). Multiple industry challengers are also participating in all those cases, where questions about EPA's whole-chemical risk evaluations are also likely to arise. Given that these parties have multiple opportunities to contest the issues about use of PPE (Labor Petitioners' issue before this Court) and about whole-chemical risk evaluations, where those issues arise in specific contexts (thus foreclosing the ripeness objections EPA has raised here); and given that these parties have not objected to delay of some of those other cases, they cannot complain of prejudice from the fact that EPA's reconsideration of the Risk Framework Rule might narrow the issues before this Court.

12. Finally, Intervenor-Respondents suggest that EPA and Industry Petitioners have conceded the Court has and retains jurisdiction over the case notwithstanding a remand, because otherwise the Court could not hold the case in abeyance as EPA proposes. Intervenor Remand Opp. 6. Not so. "A federal court always has jurisdiction to determine its own jurisdiction."

9

*Brownback v. King*, 592 U.S. 209, 218 (2021). And even when a case is moot, a circuit court can vacate an agency's order for which review was sought. *A.L. Mechling Barge Lines, Inc. v. United States*, 368 U.S. 324, 329 (1961); *see also Pub. Citizen, Inc. v. FERC*, 92 F.4th 1124, 1129 (D.C. Cir. 2024) ("It is no secret that our practice is to vacate administrative orders we lack the jurisdiction to review."). Accordingly, this Court has the authority to retain this case, pending an actual decision whether the case is moot. Retaining the case would be the prudent course, because given the 60-day deadline for challenging the Risk Framework Rule, 15 U.S.C. § 2618(a), the petitioners risk being unable to obtain judicial review of the Rule if it turns out the cases are not moot. Yet abeyance, rather than proceeding to decide the case, is also the sensible course, because a remand reconsideration by EPA may well either reduce the issues needing judicial decision, or substantially clarify the issue regarding PPE.

| | |
|---|---|
| March 17, 2025 | Respectfully Submitted, |

/s/ *Keith Bradley*

KEITH BRADLEY
KAYLA MARIE MENDEZ
717 17th Street, Suite 1825
Denver, CO 80202
(303) 830-1776
keith.bradley@squirepb.com

SAMUEL B. BALLINGRUD
2550 M Street, NW
Washington, DC 20037

KATHERINE WENNER
2000 Huntington Center
41 South High Street
Columbus, Ohio 43215

SQUIRE PATTON BOGGS (US) LLP

W. CAFFEY NORMAN
2550 M Street, NW
Washington, D.C. 20037
(202) 460-9495
caffeynorman@outlook.com

NORMAN LAW & POLICY PLLC

*Counsel for Olin Corporation*

# CERTIFICATE OF COMPLIANCE

This document complies with Fed. Rule of Appellate Procedure 27(d)(2)(A), because this document contains 1,728 words as determined by the word-count function of Microsoft Office 365, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f) and Circuit Rule 32(e)(1),

This document further complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally-spaced typeface using Microsoft Office 365 in 14-point Vollkorn Font.

*/s/ Keith Bradley*
KEITH BRADLEY