ORAL ARGUMENT SCHEDULED FOR MARCH 21, 2025

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO,<br><br>   *Petitioner*,<br><br>  v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY,<br><br>   *Respondent.* | Lead Case No. 24-1151<br><br>Consolidated with Case Nos. 24-1182, 24-1185, 24-1202, 24-1237 |

**SUPPLEMENTAL DECLARATION IN SUPPORT OF MOTION FOR VOLUNTARY REMAND**

  1. I, Nancy Beck, submit this supplemental declaration in support of EPA's Motion for Voluntary Remand:

  2. My credentials are set out in the first declaration that I submitted in support of EPA's Motion for Remand, dated March 10, 2025, and are incorporated herein by reference.

  3. I, Nancy Beck, declare under penalty of perjury that the following statements are true and correct to the best of my knowledge and belief and that they are based upon my personal knowledge, information contained in the records of the United States Environmental Protection Agency ("EPA" or "the Agency"), or information supplied to me by EPA employees under my supervision at EPA Headquarters. *See* 28 U.S.C. § 1746.

1

4. In my first declaration, I noted that EPA's Office of Chemical Safety and Pollution Prevention ("OCSPP") has determined that the "Procedures for Chemical Risk Evaluation Under the Toxic Substances Control Act (TSCA)," 89 Fed. Reg. 37029 (May 3, 2024) ("2024 Rule") at issue in these petitions for review should be reconsidered through further rulemaking. This supplemental declaration provides more specificity on the timing of the new rulemaking, as well as further elaboration on some of the additional topics that EPA plans to reconsider in the new rulemaking.

5. In my first declaration, I noted that EPA's Office of Pollution Prevention and Toxics ("OPPT"), within OCSPP, is the office responsible for implementing TSCA and that it intends to issue a proposed rule and seek public comment. The proposed rule will likely include changes to the Agency's approach on issues at play in this litigation and on additional provisions of the 2024 Rule not before the court. The Agency intends to finalize a new framework rule based on public input. I previously stated that EPA expects this process, including any regulatory changes, to take between 9-14 months. After considering this further, the Agency now expects:

    a. to propose a revised rule by June 2025;

    b. to provide 60 days for public comment on the proposal; and

    c. to finalize a revised rule by April 2026.

6. As discussed in my first declaration, OCSPP intends to reconsider the 2024 Rule in its entirety through notice-and-comment rulemaking, including with respect to the issues raised in the petitions for review in this case. Furthermore, OCSPP provides the following additional examples of other issues it plans to reconsider:

    a. The 2024 Rule at 40 C.F.R. § 702.45 covers the requirements and process by which chemical manufacturers may request that EPA conduct a risk

        evaluation on a chemical substance. EPA intends to reconsider and seek comment on these revised requirements and the underlying process.

   b.   The 2024 Rule at 40 C.F.R. § 702.43(g) lays out "the circumstances under which EPA will undertake substantive revisions" to TSCA risk evaluations. EPA intends to reconsider these requirements and seek public comment on the appropriateness of reconsidering TSCA risk evaluations under certain circumstances.

   c.   The Agency intends to reconsider its commitment in the 2024 Rule at 40 C.F.R. § 702.49(h) to make publicly available any risk-based occupational exposure values calculated as part of the risk evaluation.

I declare under penalty of perjury that the foregoing is true and correct.

NANCY BECK
Digitally signed by NANCY BECK
Date: 2025.03.19 17:08:47 -04'00'

Nancy Beck
Principal Deputy Assistant Administrator
Office of Chemical Safety and Pollution Prevention
U.S. Environmental Protection Agency