# Holland & Knight

800 17th Street N.W., Suite 1100 | Washington, DC 20006 | T 202.955.3000 | F 202.955.5564
Holland & Knight LLP | www.hklaw.com

April 8, 2025

*Via ECF*

Clifton Cislak
Clerk of the Court
U.S. Court of Appeals for the D.C. Circuit
333 Constitution Ave N.W.
Washington, D.C. 20001

> **Re**: ***United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO et al. v. EPA**,* **Consolidated Case Nos. 24-1151, 24-1182, 24-1185, 24-1202, 24-1237**

Dear Clerk Cislak:

Industry Petitioners and Petitioner-Intervenors write to request that the Court take notice of its recent order granting abeyance in a rulemaking case in light of its relevance to the United States Environmental Protection Agency's (EPA's) request for an abeyance of these consolidated cases in nearly identical circumstances.

On April 1, 2025, the Court issued an order in the matter of *California Communities Against Toxics, et al., v. Environmental Protection Agency*, Nos. 24-1178, 24-1180 ("**CAA Matter**"), holding the matter in abeyance just a few weeks before oral argument was scheduled to occur, and directing Respondents to file status reports to the Court every 90 days ("**CAA Abeyance Order**"). The CAA Abeyance Order was issued in response to a motion by EPA in which it requested remand and abeyance to allow the agency to "revisit and reconsider" its interpretations from a 2024 rulemaking setting new emission standards for commercial sterilization facilities under the Clean Air Act. EPA stated that this reconsideration would involve "initiating notice-and-comment rulemaking as soon as possible" and publishing a final rule by March 2026.

EPA's request for an abeyance in the CAA Matter mirrors its request in these consolidated cases. Specifically, in EPA's Motion for Voluntary Remand and Renewed Motion to Hold Case in Abeyance, EPA explicitly stated its intent to revisit and reconsider the 2024 Risk Framework Rule by initiating notice-and-comment rulemaking, starting in June 2025. Doc. No. 2106629. This request was supported by Industry Petitioners and Petitioner-Intervenors, who acknowledged, both in writing and during oral argument, that reevaluation of rulemaking is an accepted and appropriate justification for an abeyance when the agency seeks to revisit and reconsider its prior interpretations in good-faith. This position is now further supported by the Court's recent CAA Abeyance Order.

Atlanta | Austin | Birmingham | Boston | Century City | Charlotte | Chattanooga | Chicago | Dallas | Denver | Fort Lauderdale
Houston | Jacksonville | Los Angeles | Miami | Nashville | Newport Beach | New York | Orlando | Philadelphia | Portland
Richmond | San Francisco | Seattle | Stamford | Tallahassee | Tampa | Tysons | Washington, D.C. | West Palm Beach

April 8, 2025
Page 2

      Accordingly, Industry Petitioners and Petitioner-Intervenors respectfully request that the Court consider the CAA Abeyance Order when deciding on EPA's request for abeyance in these consolidated cases.

Sincerely yours,

HOLLAND & KNIGHT LLP

Rafe Petersen

Cc:    Counsel of Record, via ECF
        Meaghan Colligan Hembree

#519158638_v3