# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 24-1151                        September Term, 2024

EPA-89FR37028

**Filed On:** April 30, 2025

United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO,

         Petitioner

         v.

Environmental Protection Agency,

         Respondent

------------------------------

Olin Corporation, et al.,
         Intervenors

------------------------------

Consolidated with 24-1182, 24-1185, 24-1202, 24-1237

**BEFORE:**    Wilkins and Rao, Circuit Judges, and Edwards*, Senior Circuit Judge

## O R D E R

     Several parties in this case have raised challenges to regulations issued by the Environmental Protection Agency ("EPA") following a rulemaking action in *Procedures for Chemical Risk Evaluation Under the Toxic Substances Control Act*, 89 Fed. Reg. 37028 (May 3, 2024) (codified at 40 C.F.R. pt. 702) ("2024 Rule"). During the course of oral arguments before this court on March 21, 2025, a serious question arose regarding the propriety of the court retaining jurisdiction over this case and issuing any judgment on the present record. As matters now stand,

     1. EPA has advised the court that it does not intend to defend the 2024 Rule. Instead, EPA has made it clear that, although it will continue to enforce the existing 2024 Rule until it is replaced, the agency intends to act promptly to

---

* A statement by Senior Circuit Judge Edwards, dissenting from this order, is attached.

pursue notice and comment rulemaking and then promulgate new regulations to replace the 2024 Rule. EPA stated at oral argument that it prefers the court hold this case in abeyance pending reconsideration.

2. Industry Petitioners—Texas Chemistry Council, American Chemistry Council, American Fuel & Petrochemical Manufacturers, and American Petroleum Institute—and Olin Corporation, as intervenor, also advised the court during oral argument that they do not seek a judgment on the merits at this time and that the parties lack adversity with respect to the 2024 Rule. They also prefer that the court hold this case in abeyance pending EPA's reconsideration.

3. Alaska Community Action on Toxics and Sierra Club, appearing as intervenors in support EPA's 2024 Rule, ask us to uphold the Rule that EPA has committed itself to enforcing while it promulgates new regulations.

4. We have substantial doubts about whether Labor Petitioners—United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, International Association of Machinists and Aerospace Workers, AFL-CIO, and Worksafe, Inc.—have demonstrated Article III standing in accordance with our precedent and D.C. Circuit Rule 28(a)(7).

Given these circumstances, and upon consideration of EPA's motion for voluntary remand and renewed motion to hold cases in abeyance, the responses thereto, the reply, and the parties' positions at oral argument, it is

**ORDERED** that the motion to hold the cases in abeyance be granted and Case Nos. 24-1151, 24-1182, 24-1185, 24-1202, and 24-1237 be held in abeyance pending further order of the court. The parties are directed to file status reports by July 29, 2025, and at 90-day intervals thereafter. It is

**FURTHER ORDERED** that the motion for voluntary remand be denied.

<u>**Per Curiam**</u>

                                    **FOR THE COURT:**
                                    Clifton B. Cislak, Clerk

                BY:    /s/
                          Michael C. McGrail
                          Deputy Clerk

EDWARDS, *Senior Circuit Judge*, dissenting from the grant of abeyance:

This case is ready for hearing and disposition by this court and any further delay is unjustified. At least three of the four merits issues in this case present purely legal questions of statutory interpretation, which we have the authority to decide without any deference to the agency's views. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 392 (2024). These questions have also been fully briefed by opposing sides. Moreover, with the enactment of the 2016 Lautenberg Amendments, it was Congress's undisputed and express intent that EPA quickly begin regulating toxic chemicals. The agency cannot do so without first conducting risk evaluations. Yet, the framework rule that is to guide the agency in conducting these evaluations has been the subject of immense delay.

It is quite extraordinary that nine years after the Lautenberg Amendments, questions remain as to the agency's obligations under the statute, and no clear framework has emerged for how the agency is to assess for risk. There is no good reason for this court to further this delay. Should it become necessary in the years ahead for EPA to reassess the situation, nothing will prevent the agency from undertaking a new rulemaking process and revising its approach to risk assessment. A decision by this court as to the "best reading" of the statute will benefit the agency if it tries yet again to write a new rule that is consistent with both its policy objectives and the law. *Id.* at 373.